**Victor Manuel GIL, Appellant,**

v.

**Albert DEL GUERCIO, as District Director of the Immigration and Naturalization Service at Los Angeles, California, Appellee.**

**No. 15416.**

United States Court of Appeals
Ninth Circuit.

June 17, 1957.

Rehearing Denied July 22, 1957.

Writ of Certiorari Denied Oct. 28, 1957.

See 78 S.Ct. 96.

John P. Tobin, Hollywood, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Arline Martin, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before LEMMON, BARNES, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Victor Manuel Gil brought this action to have an order for his deportation declared void, and to enjoin such deportation. The question presented on appeal is whether, under the circumstances of this case, appellant should have been accorded the privilege of voluntary departure in lieu of deportation.

Gil is a native and citizen of Mexico. He entered the United States illegally in the late summer of 1953. He was apprehended three of four months later. On November 21, 1953, he was granted the privilege of voluntary departure in lieu of deportation, and returned to Mexico.

About four days later, Gil again entered the United States illegally. He has been in continuous residence in this country since that time. He was arrested on a warrant issued on January 25, 1955, by the Immigration and Naturalization Service. Brought to the agency office on the following day, Gil declined to make a statement.

On February 24, 1955, a hearing was held before a special inquiry officer of the Immigration and Naturalization Service. At this hearing, as well as prior thereto, Gil's attorney asked that

appellant be permitted the privilege of voluntary departure in lieu of deportation.[1] When asked, at this hearing, why he had refused to make a statement following his arrest, Gil replied that he had been advised by his attorney not to sign or say anything until his attorney saw him.

The special inquiry officer rendered his decision on March 11, 1955. He held that appellant had established statutory eligibility for the discretionary relief of voluntary departure. In the exercise of his discretion, however, the officer determined that such relief ought not to be accorded. The application for voluntary departure was therefore denied. The officer further determined that appellant was subject to deportation under 8 U.S.C.A. § 1251(a) (2), and so ordered.

Gil appealed to the Board of Immigration Appeals. In a decision rendered on February 23, 1956, the board sustained the decision of the special inquiry officer, and dismissed the appeal. In so ruling, the board concurred in the findings of the special inquiry officer on the question of deportability, and rejected a contention that 8 U.S.C.A. § 1251(a) (2) is unconstitutional.

The board is not empowered to entertain an appeal from a decision of a special inquiry officer denying an application for voluntary departure, where the officer has found the alien statutorily eligible for such departure, and the alien has been in the United States for a period of less than five years.[2] The board therefore declined to review this feature of the special inquiry officer's decision—the only feature of that decision which is here drawn into question.

In his complaint in this action, Gil alleges that the officer's decision denying the application for voluntary departure was "based upon unreasonable, unsubstantial and unreliable evidence,"

and was entered "in direct violation of due process of law and the Fifth Amendment of the Constitution of the United States." The effect of the district court order under review is to reject these contentions.

 In asking us to reverse this judgment, appellant argues that certain recitals contained in the decision of the special inquiry officer indicate that, in denying voluntary departure, such officer abused the discretion reposed in him, and, in effect, denied appellant the right to be represented by counsel.[3]

The first such recital is this: "At the time of his last apprehension he refused to make a statement or sign any papers on the advice of counsel." Appellant argues that this statement is incomplete or incorrect, in that it implies a categorical refusal, on advice of counsel, to talk or sign any papers. He states, and the record supports him in this, that he merely declined to make a statement or sign any papers until his attorney could be present.

This incompleteness or error in the questioned recital, however, could not be prejudicial unless the decision to deny the application for voluntary departure can be said to rest thereon. Examination of the decision provides no indication that voluntary departure was denied because, or partly because, Gil refused to make a statement or sign any papers. We therefore find no merit in this branch of appellant's argument.

 The remaining recitals to which appellant draws our attention as indicating an abuse of discretion are to the effect that Gil was offered the privilege of voluntary departure at the time of his last arrest, and refused it. The context in which these recitals appear is important to our discussion, and is therefore shown in the margin.[4]

1. Pursuant to 8 U.S.C.A. § 1254(e).

2. 8 C.F.R. § 242.61(f) (2) (1952) (now 8 C.F.R. § 242.21(a) (Supp.1956) ).

3. The right to be represented by counsel in

such proceedings is provided by statute and regulation. See 8 U.S.C.A. § 1252 (b); 8 C.F.R. § 242.14(b) (1952) (now 8 C.F.R. § 242.10 (Supp.1956) ).

4. The decision, with the questioned recitals

It is argued that there is nothing in the record to support the statement that Gil had been offered the privilege of voluntary departure after his last arrest, and had refused it. In the alternative, it is argued that, if there was such an offer at that time, there is no reason why appellant's application for voluntary departure, made prior to and during the hearing before the officer, should not have been granted. In this connection, it is contended that the only change of circumstance between the time of the original offer (if one was made) and appellant's application was that an attorney had appeared on his behalf. It is urged that the denial of his application because of such a change of circumstance in effect penalized appellant for exercising his right to counsel.

In our view, the recitals in question, whether regarded as unfounded in fact or as factually true but improperly critical of appellant for exercising his right to counsel, were not prejudicial. The special inquiry officer, relying upon Matter of M., 4 I. & N. Dec. 626, held that an alien who once was granted the privilege of voluntary departure, and who again is found here illegally, does not merit a second chance, in the absence of strong extenuating circumstances. The officer then found that there were no extenuating circumstances in this case.

He pointed out that after appellant had been permitted to depart voluntarily following his 1953 illegal entry, he could have applied for an immigrant visa, but chose, instead, to reenter illegally.

This alone was a sufficient basis for holding that there were no extenuating circumstances, and fully supports the officer's exercise of discretion in denying the application for another voluntary departure.

■ This self-sufficient reason for the officer's decision is in no sense undermined by the fact that a further reason given for such action may have been ill-advised. If this further stated reason is ill-advised, it may be disregarded as surplusage. It is only where the decision would have been different but for a reason found to be inappropriate that such impropriety is prejudicial. The decision, read as a whole, indicates to us that the same result would have been reached, whether or not the recitals under discussion had been included.[5]

Appellant points out that, in Matter of M., supra, the board stated: "* * * We wish to caution that what we say here is not to be taken as an invariable rule, but that in each case the decision ultimately must be predicated upon the merits or demerits of that case." 4, I. & N. Dec. at 627.

shown in boldface, reads in part as follows:

"At the time of his last apprehension he refused to make a statement or sign any papers on the advice of counsel. **He was also offered the voluntary departure privilege at that time and refused it.**

"An alien who once was granted voluntary privilege and who again is found here illegally does not merit a second chance for such departure in the absence of strong extenuating circumstances (I. D. No. 352). There are no extenuating circumstances in this case, particularly as the respondent had every opportunity after having been granted a previous voluntary departure to apply for an immigrant visa and lawfully reenter the United States had he wished to do so. **Further, the respondent has shown no reason why he could not have accepted the privilege of voluntary departure offered him at the**

time of his apprehension. The voluntary departure privilege is solely a matter of discretion and no alien can claim that privilege as a matter of right. Considering all of the factors in this case it is found that the respondent has resided in the United States for less than five years, that he has previously been granted the voluntary departure privilege in lieu of deportation, that there are no strong extenuating circumstances as to why he should be granted the voluntary departure privilege another time, and on the basis of the entire record his application in the present proceedings for voluntary departure in lieu of deportation will be denied as a matter of administrative discretion."

5. We need not, and do not, decide whether this additional reason was, in fact, inappropriate.

In our opinion, the decision of the special inquiry officer reveals that he did take into consideration the merits and demerits of this case.

Affirmed.