Jesus Garcia CASTILLO, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 19728.

United States Court of Appeals
Ninth Circuit.

Aug. 23, 1965.

Milton T. Simmons, Donald L. Ungar, Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before ORR and BARNES, Circuit Judges, and MATHES, District Judge.

ORR, Circuit Judge:

Petitioner, a twenty-five year old single male, a native and citizen of Peru, made two attempts to obtain a visitor's visa at the United States Embassy in Lima, Peru. On the first occasion petitioner presented a letter falsely stating that a job was waiting for him upon his return to Peru. His application was denied, apparently because the consular officer was not satisfied that petitioner intended to leave the United States at the expiration of the visit period. Petitioner then obtained, through the services of a travel agent, a letter from a doctor indicating that petitioner was going to the United States for a rest and medical treatment. On the strength of this letter petitioner's second application for a temporary visitor's visa was granted.

The record, however, discloses that petitioner had not been ill, was not a patient of the doctor writing the letter, and did not intend to seek medical treatment upon entrance to the United States. On the contrary, the record discloses that petitioner intended at the time of acquisi-tion of the visitor's visa to remain permanently in the United States through adjustment of his status pursuant to section 245 of the Immigration and Nationality Act (8 U.S.C. § 1255).

Petitioner was admitted to the United States on June 13, 1963, as a visitor authorized to remain until July 15, 1963. Shortly after his arrival petitioner obtained part-time work, though he knew this to be illegal under a visitor's visa. On September 16, 1963, he submitted his application for adjustment of status under section 245. On September 22, 1963, he obtained full-time employment. On October 2, 1963, he was interviewed in connection with his application for adjustment of status and at this time denied to an immigration officer that he was employed. On November 15, 1963, petitioner voluntarily informed the respondent that he previously had not told the truth regarding his employment. His application for adjustment was denied by the District Director on November 26, 1963, and petitioner was given until December 26, 1963, to depart the country voluntarily. On the advice of his attorney he remained in order to obtain an adjudication of the application for adjustment of status by a Special Inquiry Officer of the Immigration and Naturalization Service. When petitioner failed to depart as directed, deportation proceedings were instituted against him.

A hearing was held before a Special Inquiry Officer on February 24, 1964. At the hearing petitioner admitted the alleged misrepresentations set forth above and conceded his deportability; but he renewed his application for permanent residence as permitted by section 245. His application was granted by the Special Inquiry Officer. The Board of Immigration Appeals, however, reversed the decision of the Special Inquiry Officer upon appeal by the hearing Trial Attorney. The Board found that petitioner had flagrantly disregarded the lawful visa procedures of the United States and asserted that the bona fides of an applicant for discretionary relief un-

der section 245 in securing of a nonimmigrant visa is a persuasive factor in the exercise of discretion under the section. Petitioner subsequently was accorded the privilege of departing from the country voluntarily with an alternative order of deportation. His motion to reconsider was denied by the Board, and petitioner thereupon petitioned this court to review the action of the Board.

█ Petitioner recognizes that there can be no judicial interference with the discretionary action of the Board except on a showing of abuse of discretion or that discretion was, in fact, not exercised at all. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). He contends, however, that the Board did abuse its discretion when it relied upon the fact that he did not enter the United States as a bona fide nonimmigrant as a "persuasive factor" in denying his application for status as a permanent resident under section 245.

Petitioner's argument is bottomed on the effect of a 1960 amendment to section 245. Section 245 as amended by section 10 of the Act of July 14, 1960, 74 Stat. 504, reads in relevant part:

"Sec. 245. (a) The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien ·lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved."

Prior to the 1960 amendment subsection (a) of section 245 read:

"Sec. 245(a) The status of an alien who was admitted to the United States as a bona fide nonimmigrant may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if █ the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, (3) an immigrant visa was immediately available to him at the time of his application, and (4) an immigrant visa is immediately available to him at the time his application is approved."

█ Petitioner contends that Congress, by elimination of entry as a bona fide nonimmigrant as a statutory requirement of eligibility for adjustment of status under section 245, also made entry as a bona fide nonimmigrant without significance in the exercise of discretion under the section. By relying on a factor which Congress could not have intended to apply, the Board, petitioner contends, abused its discretion in denying his application. We do not agree.

█ The 1960 amendment to section 245 involved a change in the statutory requirements an applicant under the section must meet before qualifying for discretionary relief. It did not directly or otherwise limit the scope of the Attorney General's discretion.

█ The term "bona fide nonimmigrant" was not defined in the Act, and it appears never to have been defined judicially in the cases in which it has been an issue. We find that Congress did not intend to remove from the consideration of the Attorney General the circumstances surrounding the entrance of a nonimmigrant into the United States when passing upon an application under section 245, but rather that Congress sought to insure that an alien entering the country under circumstances which might have violated the undefined "bona fide nonimmigrant" standard would not automatically be denied a hearing on his ap-

plication for discretionary relief under the section.

█ The circumstances of entrance may reveal aspects of an applicant's character and background of the kind most relevant to the Attorney General's consideration of discretionary relief. Flagrant disregard of lawful visa procedures must be pertinent to the exercise of discretion under section 245. Otherwise, disregard for the immigration laws would be encouraged.

█ Petitioner further contends that, in fact, discretion has not been exercised at all in this case because his application was denied pursuant to an arbitrary policy of the Board of Immigration Appeals to exclude from the benefits of section 245 all aliens who did not enter as bona fide nonimmigrants, and that his application was denied solely on that ground. We find no merit in this contention. It is clear from the record as a whole that the Board exercised its discretion after full consideration of the facts of petitioner's case.[1]

The order is affirmed.

[1]. The Board in its order sustaining the appeal of the Trial Attorney from the decision of the Special Inquiry Officer, stated:

"Here the [petitioner] upon his first application for a nonimmigrant visa obtained and presented to the American Consul a false employment statement. On his second application for a nonimmigrant visa he presented a letter from a doctor stating that it was necessary for him to travel to the United States for medical reasons. Moreover, within one week after arriving in the United States the [petitioner] took employment. The record shows beyond doubt that the [petitioner] sought and gained entry into the United States with a preconceived intention to establish permanent residence here. The [petitioner] freely concedes his deception upon the American Consul. His testimony in this regard states that his reason for seeking this method of permanent residence in the United States was because he did not want to wait a long time to get an immigrant visa and because he has no 'guarantee' of financial sponsorship in the United States. It is his testimony that he seized upon this method after finding out from several friends who had also entered the United States as tourists and were able thereafter to adjust their status to that of permament residents."

And further:

"We do not think that under these circumstances section 245 was placed into the law to avoid the properly authorized visa issuing procedures of the American Consuls abroad. Desirable as [petitioner's] residence in the United States might be, we deem it appropriate that such residence should be attained in the proper manner. We re-assert the important fact that bona fides of an applicant for relief under this section in his securing of a nonimmigrant visa for entry into the United States is a persuasive factor in the exercise of discretion as provided to the Attorney General for the consideration of the applications under section 245. In this particular case we find that the circumstances do not warrant a favorable exercise of that discretion."