Jose Edmund SANTOS, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Jose Roberto MURILLOS, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Nos. 20707, 20708.**

United States Court of Appeals
Ninth Circuit.
Feb. 28, 1967.

Phelan, Simmons & Ungar, Milton T. Simmons, Donald L. Ungar, San Francisco, Cal., for appellants.

Nicholas Katzenbach, Atty. Gen. of U. S., Washington, D. C., Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Chief Asst. U. S. Atty., San Francisco, Cal., Steve Suffin, Atty., I. N. S., for appellee.

Before HAMLEY, KOELSCH and BROWNING, Circuit Judges.

KOELSCH, Circuit Judge.

These cases are before the court upon separate petitions to review two separate orders made by the Board of Immigration Appeals denying to appellants discretionary relief under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. This court has jurisdiction under section 106 of the Act, 8 U.S. C. § 1105a, the applications having been submitted during deportation proceedings under section 242(b), 8 U.S.C. § 1252(b).

The two cases have several facts in common. The appellants, Jose Edmund Santos in No. 20707 and Jose Roberto Murillos in No. 20708, are both natives and citizens of El Salvador. Each entered the United States in July 1964 as a temporary visitor, refused to depart voluntarily from this country on the expiration of his authorized visa, and was thereafter served with an order to show cause charging him with being deportable as an overstay. During the subsequent deportation proceedings each appellant conceded his deportability, filed an application under section 245 for adjustment of status from non-immigrant to permanent resident, and was granted relief by the special inquiry officer. However, in each case the Board of Immigration Appeals reversed and ordered the appellants to be deported if they refused to leave the United States voluntarily.

Appellants argue that in denying their applications the Board abused its discretion. They admit that adjustment of status under section 245 is a matter of grace, not of right. See, e. g., United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed. 2d 652 (1957). And they are aware that judicial review of such determinations is severely limited. MacKay v. McAlexander, 268 F.2d 35 (9th Cir. 1959), cert. denied 362 U.S. 961, 80 S.Ct. 875, 4 L.Ed. 2d 876 (1960); Castillo v. Immigration & Naturalization Service, 350 F.2d 1 (9th Cir. 1965). But they assert that in these cases the Board abused its discretion because it "inexplicably departed from established policies." Wong Wing Hang v. Immigration & Naturalization Service, 360 F.2d 715, 719 (2d Cir. 1966).

In Matter of Carucci, File No. A 13727495, January 25, 1965 (unreported decision), the Board held that it is not necessary for an applicant seeking section 245 relief to demonstrate "special equities" as a prerequisite to a favorable exercise of discretion. The gist of appellants' argument is that Carucci represents an "established policy" of the Board to the effect that if an applicant's record is "neutral" (that is, lacking in a disqualifying factor) an applicant cannot be denied relief simply because he is unable to establish some compelling reason why relief should be granted to him. They maintain that no such factors are present here and accordingly that the Board erred in denying their applications on the sole ground that no "special equities" appear.

We disagree on both counts.

Regarding Santos, the Board declared: "Here we have the case of an alien who has been in this country for only a short period of time, who has no close family relationships in this country and who has demonstrated no substantial equities intervening between the time of his arrival and the time the case was heard by the special inquiry officer. Under the circumstances we see no compelling reason why this alien should not be required to

follow the normal consular visa issuing process."

■ This recital indicates that decision did not turn solely on the absence of special equities. Other factors were mentioned and, at any rate, Santos' lack of family ties in the United States was alone a sufficient reason to deny him discretionary relief. See United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957); Kam Ng v. Pilliod, 279 F.2d 207 (7th Cir. 1961), cert. denied, 365 U.S. 860, 81 S. Ct. 828, 5 L.Ed.2d 823 (1961); Melachrinos v. Brownell, 97 U.S.App.D.C. 229, 230 F.2d 42 (1956).

Similarly, the decision regarding Murillos is supportable by factors other than an absence of special equities. The special inquiry officer entertained grave doubts about the bona fides of Murillos' initial application for entry. His report contains recitals that Murillos' explanations of certain adverse evidence "strain credulity" and that Murillos "was not telling the whole truth." On that basis it would have been entirely proper for the Board to deny relief on the ground that Murillos' application for a visa to visit the country was made with a preconceived intention of bypassing normal consulate procedures for obtaining permanent residence. Cubillos-Gonzalez v. Immigration and Naturalization Service, 352 F.2d 782 (9th Cir. 1965).[1]

■ It is the rule in this circuit that if a self-sufficient reason for the exercise of discretion exists, an ill-advised reason may be disregarded as surplusage. Gil v. Del Guercio, 246 F.2d 553 (9th Cir. 1957), cert. denied, 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69 (1957). Thus, even if the Board did depart from a previously established policy regarding special equities, we would still affirm.

But we need not apply this rule, for no such departure was made.

In a recent case [Matter of Vega, B.I.A.Int.Dec. #1514, Oct. 13, 1965] the Board fully stated its views on what may and may not be considered in a proper exercise of discretion:

"Discretionary action by its very nature permits wide latitude to the authority charged with its exercise. When such authority is bound by hard and fast rules or criteria then its action cannot be said to be truly discretionary * * *. [R]ecognizing the fact that our precedent decisions are binding upon the special inquiry officer, nevertheless we believe that the special inquiry officer must base his conclusions where a matter of discretion is concerned on an evaluation of all the facts and circumstances of the particular case before him and not on the basis of whether his interpretation of a precedent decision circumscribes his individual judgment."

■■ An "evaluation of all the facts" requires due consideration be given to the presence or absence of special equities. See Matter of Ortiz-Prieto, B.I.A. Int.Dec. #1508, July 16, 1965; Matter of V—, 7 I. & N.Dec. 348 (1956). Indeed, such a requirement is implicit in the high burden of proof placed on the applicant by the Board. "The extraordinary discretionary relief provided in Section 245 of the Act can only be granted in *meritorious* cases; the *burden* is always upon the alien to establish that his application for such relief *merits favorable consideration*." Matter of Ortiz-Prieto, supra, (emphasis added); Matter of A—, 9 I. & N.Dec. 249 (1961); Matter of G—,

1. Despite his suspicions, the special inquiry officer felt "constrained" to grant the petition because of his interpretation of a prior Board decision, Matter of Barrios, 10 I. & N.Dec. 172 (1963). He read *Barrios* as standing for the proposition that an alien should not be denied status as a permanent resident merely on the possibility that he was not a bona fide immigrant and that the Service must introduce definite proof that he intended to stay here permanently. But in later decisions the Board made it clear that *Barrios* was limited to its facts and that the burden of proof does not shift from the alien to the Service. Matter of Vega, B.I.A.Int.Dec. #1514, Oct. 13, 1965; Matter of Diaz-Villamil, 10 I. & N.Dec. 494 (1964).

9 I. & N.Dec. 38 (1960). See also 8 C.F.R. § 242.17(d).

 Thus the Board never had an "established policy" making irrelevant the absence of special equities. But regardless, the mere fact that appellants were treated differently from other aliens similarly situated would not per se constitute an abuse of discretion. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 264 n. 5, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Wolf v. Boyd, 238 F.2d 249 (9th Cir. 1957). The Board must have the freedom to modify existing requirements or fashion new ones provided only that some rational basis exists for such change.

Affirmed.