**Navinchandra Mafatlal JARECHA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, United States Department of Justice, Respondent.**

**No. 27375**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Sept. 5, 1969.

Rehearing Denied and Rehearing En Banc Denied Oct. 21, 1969.

---

Morris Brown, Atlanta, Ga., for appellant.

Troy A. Adams, Jr., District Director, U. S. Immigration and Naturalization Service, New Orleans, La., District Director, U. S. Immigration & Naturalization Service, Atlanta, Ga., John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., Horace P. Rowley, III, Asst. U. S. Atty., New Orleans, La., John Mitchell, Atty. Gen. of U. S., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This case arises out of a petition to review an order of the Board of Immigration Appeals as provided for by Section 106(a) of the Naturalization and Immigration Act of 1952 (hereafter the Act), 8 U.S.C. Sec. 1105a(a) as amended (1961), dismissing an appeal from the decision of a Special Inquiry Officer in a deportation proceeding which denied adjustment of status from that of nonimmigrant to that of permanent resident as a matter of administrative discretion, but granted permission for voluntary departure from the United States. See Foti v. Immigration & Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). We dismiss the petition.

The petitioner Jarecha is a native and citizen of India. He entered the United States in September of 1960 as a nonimmigrant student authorized to remain in this country until October 30, 1965, pursuant to Section 101(a) (15) (F) of the Act, 8 U.S.C. Sec. 1101(a) (15) (F). Petitioner was granted the privilege of departing voluntarily from the United States on or before December 24, 1965, but he has remained in this country since that date without official permission or authority from the Immigration authorities. Deportation proceedings were instituted on July 11, 1966. Petitioner conceded his deportability under Section 241 of the Act, 8 U.S.C. Sec. 1251, as amended (1965). Incident to the deportation proceedings, petitioner made application for adjustment of his status of nonimmigrant to that of a person admitted for permanent residence under Section 245 of the Act, 8 U.S.C. Sec. 1255, as amended (1965).[1] The Special Inquiry Officer found that the petitioner was statutorily eligible for adjustment of his nonimmigrant status pursuant to Section 245, in that he was eligible to receive an immigrant visa and was admissible to the United States as a permanent resident and that an immigrant visa was immediately available to him. However, after considering the fact that the petitioner was married and had a wife residing in India,[2] the Spe-

---

1. The relevant part of Section 245 provides:
   (a) The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent resident if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is im-mediately available to him at the time his application is approved.

2. The petitioner's marriage was arranged between his family and his wife's family when they were both children and was performed in India when the petitioner became 18 years of age. There is no question that the marriage is valid under the laws of India. Petitioner asserts that this was not a marriage of choice and that if an adjustment of status were granted he would seek either to obtain a divorce or permission to bring his wife to this country.

cial Inquiry Officer concluded that there were no appealing or equitable factors which would justify the granting of the petitioner's application. An appeal to the Board of Immigration Appeals from the order entered by the Special Inquiry Officer denying the application requesting adjustment of status and granting permission to depart from the United States voluntarily and directing deportation upon failure to do so was dismissed.

■ In attacking the order of the Board of Immigration Appeals the petitioner advances two arguments: First, he argues that since the Attorney General has not issued any regulations to govern the exercise of discretion in granting or denying an adjustment of status from nonimmigrant to permanent resident under Section 245, the grant of power calling for an exercise of discretion is inchoate and that if the applicant meets the objective prerequisites set up by Section 245, he cannot be denied an adjustment of status. As Section 245 is now construed, an applicant who meets the objective prerequisites is merely *eligible* for adjustment of status, he is in no way *entitled* to such relief. Chen v. Foley, 6 Cir., 1967, 385 F.2d 929, 934; See United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957). Secondly, the petitioner argues that the exercise of discretionary authority under Section 245 by subordinates without the guidance of regulations issued by the Attorney General is a denial of the procedural due process guaranteed by the Fifth Amendment to the Constitution.

■ Thus, the initial question to be decided by this Court is whether the delegation of discretionary authority under Section 245 to the Special Inquiry Officer and to the Board of Immigration Appeals by the Attorney General without at the same time issuing regulations to guide their discretion, renders those subordinate officials unable as a matter of law to exercise the discretion delegated to the Attorney General in Section 245. We hold that the fact that no regulations were issued to control the discretion of the administrative officers delegated by the Attorney General to administer Section 245 in no way impairs their ability to exercise such discretion.

■ The Attorney General has the authority to delegate to subordinates his power to exercise discretion under Section 245. Section 103 of the Act, 8 U.S. C. § 1103.[3] See Kimm v. Rosenberg, 363 U.S. 405, 406, 80 S.Ct. 1139, 4 L.Ed.2d 1299, rehearing denied 364 U.S. 854, 81 S.Ct. 30, 5 L.Ed.2d 77 (1960); Jay v. Boyd, 351 U.S. 345, n. 8. Furthermore, the Attorney General has exercised his

---

The Immigration and Naturalization Service received two letters from the petitioner's wife expressing the desire to be reunited with her husband. In her second letter, petitioner's wife objected to any change in his visa status which would allow him permanent residence in the United States unless arrangements could be made to allow her to enter the country to rejoin him. Also in the record is a letter from the Embassy of India in Washington, D. C., which stated that petitioner's wife informed the Indian Government that the petitioner had deserted her and had not settled their matrimonial disputes according to request and asked that the petitioner's status not be changed without the agreement of the Embassy of India.

3. Section 103 provides:

(a) The Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens * * *. He is authorized, in accordance with the civil-service laws and regulations and the Classification Act of 1949, to appoint such employees of the Service as he deems necessary, and to delegate to them or to any officer or employee of the Department of Justice in his discretion any of the duties and powers imposed upon him in this chapter; he may require or authorize any employee of the Service or the Department of Justice to perform or exercise any of the powers, privileges, or duties conferred or imposed by this chapter or regulations issued thereunder upon any other employee of the Service. * * *

authority to delegate his power given by Section 103 and has issued a regulation to that effect, 8 C.F.R. Sec. 3.1(d) (1), which provides:

> Subject to any specific limitation prescribed by this chapter, in considering and determining cases before it as provided in this part the Board [of Immigration Appeals] shall exercise such discretion and authority conferred upon the Attorney General by law as is appropriate and necessary for the disposition of the case.

In construing a similar antecedent regulation, the Supreme Court said:

> The regulations just quoted pinpoint the decisive fact in this case: the Board was required, as it still is, to exercise its own judgment when considering appeals. The clear import of broad provisions for a final review by the Attorney General himself would be meaningless if the Board were not expected to render a decision in accord with its collective belief. In unequivocal terms the regulations delegate to the Board discretionary authority as broad as the statute confers on the Attorney General; the scope of the Attorney General's discretion became the yardstick of the Board's. And if the word "discretion" means anything in a statutory or administrative grant of power, it means that the recipient must exercise his authority according to his own understanding and conscience. This applies with equal force to the Board and to the Attorney General. In short, as long as the regulations remain operative, the Attorney General denies himself the right to sidestep the Board or dictate its decision in any manner. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 266–267, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

Noting also that the regulation issued by the Attorney General authorizing the Board of Immigration Appeals to exercise discretion under Section 245 has the force of law, see Bridges v. Wixon, 326 U.S. 135, 150–156, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945), it is clear that the Attorney General in no way left his authority under Section 245 inchoate by not issuing regulations to guide the discretionary decisions of the Board and that the Board and the Special Inquiry Officer have authority to exercise their discretion of the full extent provided for under Section 245. We find no merit in the petitioner's first contention. This being the case, it is unnecessary for us to consider the contention that an applicant under Section 245 must be accorded adjustment of status if he meets the objective prerequisites listed in the section.

■ The second issue which confronts us is whether the Special Inquiry Officer's exercise of discretion in denying the petitioner's application for adjustment of status without the guidance of regulations from the Attorney General, as approved by the Board of Immigration Appeals, in any way failed to comport with the due process requirements of the Fifth Amendment. We hold that the fact that the Attorney General did not set up any standards or criteria as guideposts to guide the discretion of the Special Inquiry Officer and the Board does not constitute a denial of due process. Talavera v. Pederson, 6 Cir., 1964, 334 F.2d 52, 58.

■■ The extent of judicial review of a denial of discretionary relief incident to a deportation proceeding is limited. As was said in Kam Ng v. Pilliod, 7 Cir., 1960, 279 F.2d 207, 210, cert. den. 365 U.S. 860, 81 S.Ct. 828, 5 L.Ed.2d 823 (1961):

> Judicial review of discretionary administrative action is limited to the questions of whether the applicant has been accorded procedural due process and whether the decision has been reached in accordance with the applicable rules of law. Furthermore, the inquiry goes to the question whether or not there has been an exercise of administrative discretion and, if so, whether or not the matter of exercise has been arbitrary or capricious.

See also United States ex rel. Adel v. Shaughnessy, 2 Cir., 1950, 183 F.2d 371,

372. In reviewing an exercise of discretion, the court is bound by the record and may not substitute its judgment for that of the administrative agency. Chen v. Foley, supra, 385 F.2d at 934. Furthermore, the "[f]indings of fact must meet the statutory test of support by 'reasonable, substantial and probative evidence on the record considered as a whole,'" (Section 106(a) (4) of the Act, 8 U.S.C. Sec. 1105a(a) (4) as amended (1961)), and the factual findings upon which discretionary denial of adjustment of status is predicated must pass the substantial evidence test. Wong Wing Hang v. Immigration & Naturalization Service, 2 Cir., 1966, 360 F.2d 715, 717.

Thus, where administrative discretion is exercised without the guidance of regulations, such as is the case here, the requirements of due process (aside from the requirements of notice, fair hearing, etc.) are met if the written decision of the administrative agency or the record of the administrative hearing set out clearly the ground which forms the basis for the denial of discretionary relief, so that the appellate bodies within the agency and the reviewing courts are able to ascertain whether decision is arbitrary, capricious or not supported by the "reasonable, substantial and probative evidence on the record considered as a whole". In the case before us, this requirement is clearly met. It is evident from both the decision of the Special Inquiry Officer and of the Board of Immigration Appeals that the petitioner was denied discretionary adjustment of status from that of a nonimmigrant to that of a permanent resident because he "was married and had a wife residing in India".

Likewise, there can be no question that the finding that the petitioner was married and had a wife residing in India meets the substantial evidence test. Furthermore, there has been no abuse of discretion, since lack of family ties in the United States is sufficient reason to deny discretionary relief under Section 245. Santos v. Immigration and Naturalization Service, 9 Cir., 1967, 375 F.2d 262, 264; see Kam Ng v. Pilliod, supra, 279 F.2d at 210.

We find the contentions of the petitioner without merit and dismiss the petition for review.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.