427 F.2d 677
 Benigno TOMBOC, aka Benigno Laborera, Petitioner,
v.
George K. ROSENBERG, District Director, Immigration and Naturalization Service of the United States Department of Justice, Respondent.
 No. 24593.
 United States Court of Appeals, Ninth Circuit.
 May 28, 1970.
 Rehearing Denied June 22, 1970.
 
 Richard K. Quan (argued), Hiram W. Kwan, Los Angeles, Cal., for appellant.
 Carolyn M. Reynolds (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Los Angeles, Cal., John N. Mitchell, Atty. Gen. of the United States, Washington, D. C., Joseph Sureck, Reg. Counsel, I. N. S., San Pedro, Cal., Stephen M. Suffin, Atty., I. N. S., San Francisco, Cal., for appellee.
 Before HAMLEY and DUNIWAY, Circuit Judges, and WILLIAMS, District Judge.*
 HAMLEY, Circuit Judge:
 
 
 1
 This is a proceeding to review an order of the Immigration and Naturalization Service (Service) for the deportation of Benigno Tomboc, a native and citizen of the Philippines.
 
 
 2
 On May 5, 1965, Tomboc, then forty-five years old, entered the United States under a visa authorizing his entry as a nonimmigrant visitor for a temporary period not to exceed six months. He has remained in this country since that date. When he entered, Tomboc had a wife and five children in the Philippines; they continue to reside there. Tomboc has two brothers and a brother-in-law who reside in the United States. The brother-in-law and one of the brothers are naturalized citizens. The immigration status of the other brother is uncertain.
 
 
 3
 Through the assistance of his naturalized brother, Tomboc obtained a so-called fifth preference under section 203(a) (5) of the Immigration and Nationality Act (Act), as amended, 8 U.S.C. § 1153 (a) (5) (1965). This enabled Tomboc to apply for an adjustment of status to that of an alien lawfully admitted for permanent residence as a quota immigrant under section 245 of the Act, as amended, 8 U.S.C. § 1255 (1965).
 
 
 4
 Prior to February 20, 1968, and pursuant to section 245 of the Act, Tomboc applied to the Los Angeles District Director of the Service for an adjustment to permanent residence status. The granting of such an adjustment is discretionary with the Service. Santos v. Immigration and Naturalization Service, 375 F.2d 262, 263 (9th Cir. 1967).
 
 
 5
 On February 20, 1968, the District Director denied the application on the ground that Tomboc was ineligible for such relief under section 212(a) (19) of the Act, 8 U.S.C. § 1182(a) (19). This section provides that any alien who has procured a visa or other documentation, or seeks to enter the United States, by fraud or by willfully misrepresenting a material fact, shall be ineligible to receive a visa and shall be excluded from admission into the United States.
 
 
 6
 On the same day that the District Director denied Tomboc's section 245 application, he granted Tomboc the privilege of voluntary departure in lieu of the institution of deportation proceedings. This departure was to be effected on or before March 6, 1968. Tomboc did not depart. Accordingly, the District Director instituted this deportation proceeding on May 10, 1968, invoking section 241(a) (2) of the Act, 8 U.S.C. § 1251 (a) (2). This section authorizes the deportation of any alien who is in the United States in violation of any law of the United States.
 
 
 7
 At the deportation hearing, held on June 11, 1968, before a Special Inquiry Officer, Tomboc, represented by counsel, renewed his section 245 application for adjustment of his immigration status to that of an alien lawfully admitted for permanent residence as a quota immigrant. In connection with this application, Tomboc testified that, at the time of his entry on May 5, 1965, he was a sharecropper in the Philippines and earned about twenty-five dollars a year. When he entered the United States he had a one-way ticket. For a year after entering this country he lived with and was supported by his brother and brother-in-law. He then obtained employment as a janitor and is currently employed as a restaurant pantryman.
 
 
 8
 Tomboc testified that he paid a travel agent in the Philippines about $1,000 to fill out his 1965 application for a visitor's visa. He stated that he did not read the application but merely signed what the agent prepared. According to Tomboc, the agent told him to tell the American Consul that he was a businessman, had property, and was going to the United States to visit the World's Fair. The application so stated. He also testified that his visa application was made out in his wife's maiden name instead of his own name.
 
 
 9
 Tomboc further testified that when the application was read to him by the American Consul he knew that his answers therein were not true. According to Tomboc, he arrived in the United States with fifty dollars, and expected his brother to pay his expenses in attending the World's Fair.
 
 
 10
 On this showing the Special Inquiry Officer at the deportation hearing denied the renewed section 245 application, stating in part:
 
 
 11
 "Adjustment of status under section 245 of the Act is a discretionary matter and not one of right. It is an extraordinary relief and generally granted only where there are outstanding equities. * * * It is unnecessary for me to determine whether the respondent's adjustment application should be denied on grounds of fraud [under section 212(a) (19) of the Act]. I am satisfied from all the evidence that respondent practiced a knowing deception on the American Consul in obtaining respondent's nonimmigrant visitor's visa, and respondent should not be rewarded by the granting of his adjustment application. It is concluded that the favorable exercise of discretion is not warranted under all the facts of this case. * * * "
 
 
 12
 As the District Director had done when he denied Tomboc an adjustment of status, the Special Inquiry Officer also granted him the privilege of voluntary departure, failing which he would be deported. This decision was affirmed by the Board of Immigration Appeals. Tomboc then instituted this review proceeding.
 
 
 13
 Tomboc argues that, in denying adjustment of status, the Service in effect determined that a violation of section 212(a) (19) of the Act precludes an alien from attaining permanent residence, but that it applied an inappropriate test in reaching this conclusion. The purport of this section is described above.
 
 
 14
 While the District Director denied Tomboc's original section 245 application on the ground of ineligibility under section 212(a) (19), the denial of the renewed application which is now under review was not placed on this ground. As the above quotation from the latter decision indicates, the Special Inquiry Officer stated that denial was not on the ground of section 212(a) (19) fraud, but because Tomboc's knowing deception practiced upon the American Consul was not counterbalanced by equities in Tomboc's favor.
 
 
 15
 We are not convinced that this reasoning represents an abuse of discretion. Whether or not Tomboc's act in deceiving the American Consul amounted to fraud or even to the misrepresentation of a material fact, it at least provided no reason why he should gain an advantage (relief under section 245) which would not otherwise be available to him. This is what the Special Inquiry Officer meant when he observed that Tomboc's conduct in 1965 should not be rewarded. When there is added the circumstance that Tomboc demonstrated no substantial equities in his favor, such as the presence of his personal family in the United States or great hardship, we think the Service's determination is unassailable.
 
 
 16
 At oral argument before us, Tomboc argued that because section 245 was amended in 1960 to delete the provision limiting relief thereunder to lawfully-admitted nonimmigrants,[1] the Service was thereafter precluded from denying adjustment of status on grounds touching upon the lawfulness of entry. However, as stated above, Tomboc's renewed application was not denied on the ground that his 1965 entry was unlawful, but on a balancing of the equities and "mala fides." The 1960 deletion of the indicated language from section 245 did not, in our opinion, preclude the Service from taking into account Tomboc's conduct in gaining entry in determining, as a matter of discretion, whether he is worthy of the benefits of that section.
 
 
 17
 Affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Act of July 14, 1960, Pub.L.No. 86-648, § 10, 74 Stat. 504