**Abbass Ali GOLPOUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 25119.

United States Court of Appeals,
Ninth Circuit.

Jan. 25, 1971.

James Canfield, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., David R. Urdan, Chief Asst. U. S. Atty., Stephen M. Suffin, Atty., I.N.S., San Francisco, Cal., John Mitchell, Atty. Gen. of U. S., Washington, D. C., for appellee.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Finding flagrant disregard of visa procedures by petitioner in securing admission to the United States as a business visitor,[1] the Board of Immigration Appeals denied petitioner adjustment of status under § 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255 (a), and ordered his deportation. Petitioner seeks review, asserting that the Board failed to give adequate consideration to the hardship that his deportation would impose on his citizen wife.

Our examination of the record reveals that the Board did consider the possible hardship to his spouse, but found that petitioner's flagrant disregard of the truth, both before the Immigration

Service and the United States consul and before the Special Inquiry Officer, outweighed the possible hardship to his spouse. On this record, we cannot say that the Board abused its broad discretion in arriving at its conclusion. See Santos v. Immigration and Naturalization Service, 375 F.2d 262 (9th Cir. 1967).

Affirmed.

---

1. The Board affirmed the findings of the Special Inquiry Officer that petitioner had obtained unauthorized gainful employment throughout the period he was in the United States as a business visitor; that on three applications to the Immigration and Naturalization Service during this time he certified that he had not been employed or engaged in business in the United States; that when he applied for his visa he stated to the United States consul in Iran that he was married, which marriage he now disclaims; and that petitioner had certified that he came to the United States to further his sporting goods business in Iran, when, in fact, petitioner's actions in this country and investigation in Iran indicated that he had no such purpose when he entered the country.