## MATTER OF RO

### In Deportation Proceedings

A-20534965

A-20515093

*Decided by Board January 25, 1977*

(1) Respondents conceded deportability under section 241(a)(2) of the Immigration and Nationality Act as nonimmigrants who remained beyond the authorized period of their admission. The issue on appeal involves denial of respondents' applications for relief under section 245 of the Act.

(2) Respondents initially submitted applications for immigrant visas to a United States Consul in South Korea seeking nonpreference status claiming an exemption from the labor certification requirement of section 212(a)(14) off the Immigration and Nationality Act on the basis of an investment in a dry-cleaning business and were given a nonpreference priority date of October 17, 1973. The instant applications for adjustment of status, however, are based on an investment in a new business.

(3) Under 8 C.F.R. 245.1(g)(2) a nonpreference priority date once established is retained by the alien even though at the time a visa number becomes available and he is allotted a nonpreference visa number he meets the provisions of section 212(a)(14) of the Act by some means other than by which he originally qualified. The respondents may therefore claim the priority date of October 17, 1973, even though the investment on which the present application are based is different from that which supported their original application for visas.

(4) The record contained evidence that respondents entered the United States with a preconceived intent to remain in that they filed applications for adjustment of status only 16 days after their arrival. This adverse factor is not outweighed by the favorable factors in this case and the applications were properly denied in the exercise of discretion.

(5) *Matter of Jo*, Interim Decision 2412 (BIA 1975) distinguished.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrants—remained longer

ON BEHALF OF RESPONDENTS: Bert D. Greenberg, Esquire
8484 Wilshire Boulevard, #730
Beverly Hills, California 90211

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

In a decision dated April 1, 1976, the immigration judge found the

respondents deportable as charged, denied their application for adjustment of status under section 245 of the Immigration and Nationality Act, and granted them voluntary departure in lieu of deportation. The respondents have appealed from that decision. The appeal will be dismissed.

The respondents, natives and citizens of South Korea, have conceded their deportability under section 241(a)(2) of the Act as nonimmigrants who remained beyond the authorized period of admission. The only issues on appeal involve the denial of the respondents' applications for section 245 relief.

The respondents initially submitted their applications for immigrant visas to a United States Consulate in South Korea. They sought non-preference status, claiming an exemption from the labor certification requirement of section 212(a)(14) on the basis of an investment in a dry-cleaning business. Their applications were accepted, and they were given a nonpreference priority date of October 17, 1973.[1] Their present applications for adjustment of status are based upon an investment in a new business.

The immigration judge denied the applications on two grounds: he held that (1) immigrant visas are not "immediately available" as required by section 245 and therefore the respondents are statutorily ineligible for adjustment of status, and that (2) the respondents do not merit a favorable exercise of discretion. The respondents, through counsel, contend that their priority date of October 17, 1973, is retained. Counsel asserts that the immigration judge erred in holding that the respondents were statutorily ineligible for the relief inasmuch as immigrant visas were available at the time of the immigration judge's decision to those aliens from South Korea with priority dates before January 1, 1974. The immigration judge, citing our order in *Matter of Jo*, Interim Decision 2412 (BIA 1975), rejected this argument in his decision.

In *Matter of Jo* we held that an alien whose application for adjustment of status is denied for failure to show an exemption from the labor certification requirement of section 212(a)(14) has not established a "priority date" within the meaning of 8 C.F.R. 245.2. Consequently, when the alien submits another application claiming an exemption from labor certification based on a different investment, the earliest "priority date" the alien can obtain is the date on which the new application was filed. The alien in that case had not been accorded a priority date by the Department of State.

Our holding in *Matter of Jo* is inapplicable in the present case. The respondents filed their applications for immigrant visas with a consular

---

[1] It appears as though the consular letter referring to the priority date given to the respondents was inadvertently left out of the record. The immigration judge, however, refers to the State Department determination in his decision.

official and were given a priority date. 8 C.F.R. 245.1(g)(2) provides that a priority date may be fixed by that priority date accorded the applicant by the consular officer as a nonpreference immigrant. It further provides that, "A nonpreference priority date, once established, is retained by the alien even though at the time a visa number becomes available and he is allotted a nonpreference visa number he meets the provisions of section 212(a)(14) of the Act by some means other than that by which he originally established entitlement to the nonpreference priority date." Therefore, according to the regulation, the respondents may claim the priority date of October 17, 1973, even though they now claim to be exempt from section 212(a)(14) on the basis of an investment different from that which supported their original applications for immigrant visas. The immigration judge erred in finding them statutorily ineligible for failure to establish the availability of immigrant visas as required by section 245.

With respect to the immigration judge's decision to deny the applications as a matter of discretion, we are in agreement. The record contains evidence that the respondents entered the United States with a preconceived intent to remain: an application for adjustment of status was filed only 16 days after arriving here. Such evidence adversely affects an application for discretionary relief. See *Soo Yuen* v. *INS*, 456 F.2d 1107 (9 Cir. 1972); *Ameeriar* v. *INS*, 438 F.2d 1028 (3 Cir. 1971) cert. dismissed, 404 U.S. 801 (1971); *Chenv. Foley*, 385 F.2d 929 (6 Cir. 1967), cert. denied, 393 U.S. 838 (1968); *Cubillos-Gonzalez* v. *INS*, 352 F.2d 786 (9 Cir. 1965); *Castillo* v. *INS*, 350 F.2d 1 (9 Cir. 1965). We do not consider the favorable factors in the case sufficient to outweigh the adverse evidence.

Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.