**MANNEH et al.**

v.

**Raymond A. MORRIS, District Director, INS.**

**Civ. A. No. 76–1903.**

United States District Court,
E. D. Pennsylvania.

May 1, 1978.

Richard D. Steel, Philadelphia, Pa., for plaintiff.

Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Presently before us are Plaintiffs' motion for summary judgment and Defendant's motion to dismiss. The facts are not in dispute; the sole legal question before us is whether Defendant abused his discretion in denying Plaintiff's [1] application for adjustment of status to permanent resident pursuant to 8 U.S.C. § 1255.[2] For the reasons which follow, we find there was no abuse of discretion, and Plaintiff is not entitled to be accorded permanent resident status.

## FACTS

Plaintiff Boe Manneh is a Liberian citizen. On May 25, 1972, he entered this country at JFK Airport in New York, where he was met by his "adoptive" father, Alfred Kai-Kai, a resident of Philadelphia. At the time of entry, Plaintiff held a valid Liberian passport and a valid "visitor for pleasure" visa. He was told by Immigration and Naturalization Service (INS) officials to present himself in Philadelphia on June 1, 1972, to complete formal processing for admission; Plaintiff complied, and met with Mr. Zinnie of the INS. Plaintiff was told that he would have to post a $1,000.00 bond as a condition of admission as a "visi-

---

1. Although both husband and wife are Plaintiffs, the operative facts and relevant law concern only Plaintiff Boe Manneh.

2. In view of the record in this case, we find that Plaintiffs' denial of due process argument to be without merit.

tor for pleasure." Plaintiff was also advised of the bond requirement by letter dated June 1, 1972. Manneh and Kai-Kai requested a lower bond; Zinnie told them he would "let them know" about a lower bond. Kai-Kai returned to the INS shortly thereafter to again discuss the possibility of a lower bond. He was advised by Zinnie that he should wait to hear from him. [Tr. 13, 4/30/75, INS file A20 460 984.] After a wait of approximately two months (caused by Zinnie's illness), Kai-Kai called Zinnie to find out the status of the matter, and was again reassured that he would hear from Zinnie. [Tr. 13, 4/30/75.] He never did hear from Zinnie, and, as a result, Manneh never posted any bond.

In September, 1972, Plaintiff commenced employment with Penn Electric Supply Company without INS permission. He continues to hold his position as a stock clerk today. Plaintiff does not hold a certificate of need from the Department of Labor as provided in 8 U.S.C. § 1182(a)(14), although his employer has filed a letter attesting to Plaintiff's qualifications as an industrious worker, and the employer's need for Plaintiff's services.

On April 30, 1975, Plaintiff was apprehended by INS agents. At an exclusion hearing held that same day, the immigration judge found that since Plaintiff was not a bona fide visitor at the time of the hearing, he must be excluded and deported. This deportation order was not effectuated because there was no valid travel document for Manneh. At that time Plaintiff's employer posted a $1,000.00 bond.

On May 23, 1975, Plaintiff married the former Annie Lee Lambright. Two days later Annie Manneh filed an immediate relative petition. Defendant investigated this marriage and found it to be bona fide and valid, and approved the petition on March 24, 1976. On March 29, 1976, Boe Manneh made application to have his status adjusted to permanent resident pursuant to 8 U.S.C. § 1255.

On April 21, 1976, Manneh's application was denied; his motion to reconsider was denied June 7, 1976. On June 9, 1976, Defendant ordered that Manneh be deported on June 17, 1976.

The instant action was filed June 16, 1976, seeking injunctive and declaratory relief. We granted a temporary restraining order the same day prohibiting Defendant from enforcing the deportation order. After a hearing June 28, 1976, we preliminarily enjoined Defendant from deporting Manneh pending our resolution on the merits.

On August 19, 1976, the entire matter was remanded to INS for a determination of whether it had jurisdiction in an exclusion hearing context to consider Plaintiff's application for permanent residence pursuant to 8 U.S.C. § 1255. INS determined that it did not have jurisdiction; hence, the case is now before us on Plaintiff's motion for summary judgment and Defendant's motion to dismiss, which, because of the record before us, we will treat as a motion for summary judgment.[3]

## DISCUSSION

 Our scope of review in this matter is limited to a determination of whether Defendant abused his discretion in denying Plaintiff's application for adjustment of status to permanent resident pursuant to 8 U.S.C. § 1255. The determination of whether Defendant abused his discretion has been articulated as follows:

> [T]he standard for the proper exercise of discretion with respect to a petition for adjustment of status was said to be the one expressed in *Santos v. INS*, 375 F.2d 262, 264 (9th Cir. 1967):

---

**3.** Plaintiff filed a related habeas corpus petition, alleging the same facts as in the instant action. *United States ex rel. Manneh v. Morris*, C.A. No. 77–2737. That action was predicated on the finding after our remand of this case of the immigration judge, confirmed by the Board of Immigration Appeals [July 8, 1977], that the immigration judge lacked jurisdiction to consider Plaintiff's application for adjustment of status in the context of an *exclusion* proceeding. We granted Defendant's motion for summary judgment by Order of December 14, 1977.

An 'evaluation of all the facts' requires due consideration to be given to the presence or absence of special equities. . . . Indeed, such a requirement is implicit in the high burden of proof placed on the applicant by the Board. 'The extraordinary discretionary relief provided in Section 245 of the (Immigration and Nationality) Act can only be granted in *meritorious* cases; the *burden* is always upon the alien to establish that his application for such relief *merits favorable consideration*.' (emphasis in original)

*Von Pervieux v. Immigration and Naturalization Service*, 572 F.2d 114, 118 (3d Cir. filed February 23, 1978).

But we may reverse the district director's decision

[I]f the decision is based on an improper understanding of the law.

*Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir. 1971).

There was no allegation of, nor do we find that there was any improper understanding of the law by the immigration judge. In our review of the evidentiary basis for this decision, we must consider the nature of the proceeding below.

■ The burden is on the applicant to persuade the Attorney General that adjustment in status is warranted:

Adjustment of status is, therefore, a matter of administrative grace, not mere statutory eligibility.

*Ameeriar v. Immigration and Naturalization Service*, 438 F.2d 1028, 1030 (3d Cir.), *cert. dismissed*, 404 U.S. 801, 92 S.Ct. 21, 30 L.Ed.2d 34 (1971).

■ Although there are factors in the record before us that militate in favor of Manneh,[4] the record in this case more than adequately supports the discretionary denial of adjustment of status. *First,* the bond required as a condition of admission pursuant to 8 U.S.C. § 1182(d)(6) was never posted. *Second,* Manneh admitted at the exclusion hearing that he had been employed since August, 1972,[5] without INS permission, and had therefore violated his "visitor for pleasure" status visa. These factors were considered by the INS when it made the determination that Manneh's application for adjustment of status be denied; we may not substitute our judgment or consideration of these factors for that of the district director in the absence of a clear showing of an abuse of discretion.

On the record in this case, it is apparent that Defendant weighed all the factors and determined that the negative factors outweighed the positive factors. [Letter of June 7, 1976, to Plaintiff's counsel, p. 2 of INS file A 20 460 984, June 28, 1976.] Accordingly, we cannot say that Defendant abused his discretion in denying Manneh's application for adjustment of status to permanent resident.

Plaintiff also asserts that similarly situated persons have been granted adjustment of status, and relies on Defendant's deposition testimony and the decision in *Matter of Lam*, Board of Immigration Appeals, January 6, 1978. However, we find *Lam* factually distinguishable. In *Lam*, petitioner had obtained a Department of Labor certificate, even though the qualifying employment experience had been gained through unauthorized employment in this country. The Board relied on *Matter of Arai*, 13 I & N Dec. 484 (1970), in which it had reversed an immigration judge's determination that unauthorized employment was to be considered an adverse factor in an adjustment of status posture. Rather, the Board char-

---

**4.** 1) He is currently married to a United States citizen; this marriage has been determined by the INS to be valid and bona fide, but was entered into after Manneh had been ordered deported;

2) There is also evidence that Manneh had completed high school and planned to pursue higher vocational training;

3) There is no evidence that plaintiff has engaged in any illegal or criminal activities since his arrival in this country on May 25, 1972;

4) Manneh's employer has submitted a letter attesting to plaintiff's indispensability on his job.

**5.** The INS states that Manneh commenced working in September, 1972.

acterized the employment as a "potential benefit to the United States," evidenced by the certificate of need from the Department of Labor. Moreover, in *Lam*, petitioner had been granted a sixth preference petition, whereas in the instant case, plaintiff is under a deportation order.

When deposed, Defendant testified that each case is evaluated on its own merits; Defendant also testified that there had been factually similar situations where adjustment of status had been granted. [Morris dep. 10–11].

We cannot say that different treatment of factually similar situations amounts to an abuse of discretion:

> [T]he mere fact that appellants were treated differently from other aliens similarly situated would not per se constitute an abuse of discretion. (Citations omitted).

*Santos v. Immigration and Naturalization Service*, 375 F.2d 262, 265 (9th Cir. 1967).

Therefore, Plaintiff's motion for summary judgment is denied. Defendant's motion to dismiss, which we have treated as a motion for summary judgment, is granted, and the preliminary injunction which we entered on June 28, 1976, is hereby dissolved. An appropriate order will issue.