Adnan Sadik FADDAH and Laina
Kaarina Faddah, Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 78–1521
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1978.

Wallace R. Heitman, Dallas, Tex., for petitioners.

Griffin B. Bell, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Philip Wilens, Chief, Govt. Reg. & Labor Sect., James P. Morris, Eric A. Fisher, Attys., Dept. of Justice, Washington, D. C., for respondent.

Joe F. Staley, Dist. Director, Immig. & Nat. Service, San Antonio, Tex., Troy A. Adams Jr., Dist. Dir., Immig. & Nat. Ser., New Orleans, La., for other interested parties.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

The petitioners in this case, Adnan Sadik Faddah and Laina Kaarina Faddah, petition for review of an order entered September 14, 1977 by the Board of Immigration Appeals. That order denied their motion to reopen and reconsider in which they sought an opportunity to apply for the discretionary remedies of adjustment of status under § 245 of the Immigration and Naturalization Act, 8 U.S.C. § 1255 (1970), and suspension of deportation under § 244, 8 U.S.C. § 1254 (1970). The petitioners have been ordered to report for deportation on September 15, 1978.

Two previous BIA denials of motions to reopen and reconsider in these proceedings have been sustained by this Court. *Faddah v. INS*, 5 Cir., 1977, 553 F.2d 491. Without attacking that decision directly, the Faddahs argue that they submitted sufficient proof with their present motions to establish prima facie entitlement to adjustment of status and suspension of deportation. The Board disagreed. Moreover, because

---

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

much of the information presented in this motion for the first time could have been presented with the earlier motions, and because of the presence of "adverse factors," the Board also denied the Faddahs' motion as a discretionary matter, irrespective of their eligibility for the requested remedies. The adverse factors mentioned by the Board included: the prior finding by an immigration judge that the Faddahs came to the United States with the preconceived intention of remaining; the failure of the Faddahs to file income tax returns for the years 1969–1974 until early in 1976; the previous filing by Mr. Faddah of a labor certificate found later to contain inaccurate statements; and the fact that the Faddahs have twice moved out of town without reporting their change of address after the INS had notified them to report for deportation. We affirm the Board's decision.

### Adjustment Of Status

█ The Faddahs assert that they qualify for adjustment of status as substantial investors under 8 CFR § 212.8(b)(4), and have submitted various documentation to support that assertion. Whatever doubt we might have whether BIA was correct in concluding that the petitioners' submissions failed to establish prima facie the amount of their investment, we have no doubt that the Board's denial of their motion to reopen was justified as an exercise of its discretion. That an applicant who meets the objective prerequisites is merely eligible for adjustment of status, and is in no way entitled to such relief, was made clear in *Jarecha v. INS*, 5 Cir., 1969, 417 F.2d 220, 223.

█ The scope of judicial review of a denial of discretionary relief incidental to a deportation proceeding is quite limited. *See Jarecha, supra*, at 224–25. The BIA clearly set forth the grounds on which it based its denial of relief, and we cannot say that its decision was arbitrary. For one thing, the record supports the Board's statement that much of the material now submitted could have been submitted with the prior motions, and the regulations expressly provide that motions to reopen will not be granted unless the evidence sought to be offered "was not available and could not have been discovered or presented at the [original] hearing." 8 CFR § 243.22. For another, see *Faddah, supra*, at 495, where this Court stated that the finding that the Faddahs obtained a temporary visa while intending to remain permanently in the United States would alone be sufficient to support a discretionary refusal to grant adjustment of status under § 245.

### Suspension Of Deportation

█ Nothing that the petitioners have produced in their motion to reopen and reconsider in any way undermines this Court's previous conclusion that they have failed to establish the requisite hardship and good moral character to be eligible for suspension of deportation under § 244. *See Faddah, supra*, at 495–96.

In addition, all that we have said concerning the Board's exercise of discretion to deny relief under § 245 applies with equal force in support of its decision to deny relief under § 244.

### Due Process

We think petitioners' last-ditch argument that they were denied due process by the BIA's failure to have "clear standards for its consideration of motions to reopen and reconsider" adequately answered by this Court's opinion in *Jarecha, supra*, at 223–24.

The Mandate will issue forthwith and no stays pending rehearing or on certiorari will be granted.

AFFIRMED.