Ponciano **MURILLO–AGUILERA,**
Appellant,

v.

**George K. ROSENBERG, District Director U. S. Immigration and Naturalization Service, at Los Angeles, California,** Appellee.

No. 19917.

United States Court of Appeals
Ninth Circuit.

Sept. 20, 1965.

David C. Marcus, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty. Chief, Civ. Div., James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

Appellant seeks a writ of habeas corpus discharging him from custody of the District Director of the Immigration and Naturalization Service, who now holds him under final order of deportation.

The District Court for the Southern District of California, Central Division, denied the writ and this appeal followed.

Deportation proceedings were initiated against appellant October 7, 1960 by an order to show cause and notice of hearing issued by the Service in Los Angeles, California. It was asserted that appellant was deportable under three separate charges. At the subsequent hearing appellant admitted that he was deportable under the first charge,[1] but denied deportability under the second and third charges.[2]

At the hearing appellant filed an application for permission to reapply for admission into the United States *nunc pro tunc* as of March 28, 1960.[3] The special inquiry officer denied this application and two subsequent petitions for reconsideration. An appeal to the Board of Immigration Appeals from the second denial of reconsideration was ordered dismissed by the Board.

The only question before us is whether denial by the special inquiry officer of the application for leave to reapply constituted abuse of discretion. Gonzales-Jiminez v. Del Guercio, 253 F.2d 420 (9th Cir. 1958).

Respondent's brief states in part:

"Considering appellant's long record of immigration violations, his irresponsible if not bigamous marital history, and his many false statements and misrepresentations, respondent submits that the special inquiry officer did not abuse his discretion in denying his application."

We agree.

Affirmed.

---

1. The charge was that he was within the following class: "Aliens who have been arrested and deported, consent to apply or reapply for admission not having been granted by the proper authority, under section 212(a) (17) of the Act."

2. A considerable portion of the argument on appeal has been directed to appellant's deportability under the second and third charges. We do not find it necessary to determine the issues thus presented since the first charge with appellant's admissions are sufficient to support deportation.

3. Appellant would be entitled to admission for permanent residence under certain conditions, including consent to reapplication by the Attorney General "in his discretion." Section 5 of the Act of September 11, 1957, now to be found in Title 8 U.S.C. § 1182(h).