**Luis Enrique CUBILLOS–GONZALEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, LOS ANGELES, CALIFORNIA, Respondent.**

**No. 20057.**

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1965.

Irving S. Feffer, Los Angeles, Cal., for petitioner.

Manuel L. Real, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., Carolyn Frlan, Asst. U. S. Atty., Carolyn Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for the respondent.

Before KOELSCH and ELY, Circuit Judges, and BEEKS, District Judge.

PER CURIAM:

Here, we are concerned with a Petition for Review of a final order of deportation. The Petitioner, a native citizen of Colombia, gained entry to the United States under the authority of a nonimmigrant visa. The authorized visitation period expired and was extended until May 10, 1963. Forty-five days thereafter, the alien filed an application in which he requested that his status of nonimmigrant visitor be changed to that of permanent resident. Immigration and Nationality Act, § 245, 8 U.S.C. § 1255. The application was denied, the special inquiry officer presenting his reason as follows:

"At the time you applied for a visitor's visa at the American Embassy in Bogata, Colombia, in September of 1962, you presented a sworn statement to the visa-issuing officer that you intended to visit the United States for thirty days and return to Colombia (R. 92, 104, 105). On September 3, 1963, you made a sworn statement to an officer of this Service in which you admitted that at the time you secured the visa, you actually intended to remain permanently in the United States (R. 98).

"In view of the deceit practiced upon the visa-issuing officer, favorable exercise of discretion by the Attorney General is not warranted in your case, and your application is denied * * *."

The Petitioner vigorously urges that there was an abuse of discretion in the denial of his application. We do not agree. The record contains substantial evidence from which it can reasonably be inferred that at the time of his entry into this country, the Petitioner harbored the preconceived intent to remain permanently. We cannot disturb the finding unless we can see that the hearing officer acted capriciously, arbitrarily, or abusively in the exercise of his discretion. Murillo-Aguilera v. Rosenberg, 351 F.2d 289 (9th Cir. 1965); Ocon v. Guercio, 237 F.2d 177 (9th Cir. 1956). Here, there is nothing to indicate such misapplication of quasi-judicial duty.

Petitioner strongly relies upon Brownell v. Stejepan Bozo Carija, 102 U.S. App.D.C. 379, 254 F.2d 78 (1957). There, the court affirmed, with some modification, the granting of an application for change of status, but the

facts in that case are dissimilar from those which are controlling here. There, it was found that the aliens intended to remain in the United States beyond the permitted period only if they might lawfully do so. Also, there was much evidence that they, honoring their commitments for limited visitation, had sought entry into several other countries. The facts had been found in favor of the aliens, and the D. C. Circuit, applying the same restrictive principles which we must apply in the review of factual determination, upheld the findings. In Stejepan Bozo Carija, the aliens acted in good faith, whereas the Petitioner in this case has been found, upon substantial evidence, not to have done so.

Affirmed.