## MATTER OF TONGA

### In Deportation Proceedings

#### A-14674907

*Decided by Board May 3, 1967*

Notwithstanding the presence here of a citizen child and brother. respondent's application for adjustment of status under section 245, Immigration and Nationalty Act, as amended, is denied as a matter of discretion in view of his preconceived intent to remain in the United States permanently at the time he obtained his nonimmigrant visitor's visa in 1904, as evidenced by the sale shortly thereafter of his business in Tonga and the arrival in this country of his alien wife and alien child as visitors approximately 2 months following his entry.

CHARGE:

Order: Act of 1952—Section 241 (a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant (temporary visitor)—Remained longer.

ON BEHALF OF RESPONDENT:
Harold D. Kline, Esquire
580 Washington Street
San Francisco, California 04111
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)

On November 26, 1965, the special inquiry officer denied the respondent's application for adjustment of status to that of a permanent resident, as a matter of administrative discretion; granted his alternative request for voluntary departure; and provided for his deportation from the United States to Tonga, on the charge contained in the order to show cause, in the event of his failure to so depart. On May 23, 1966, this Board dismissed the appeal from that order of the special inquiry officer, but solely on the ground that the respondent was not statutorily eligible for the relief under consideration. On September 2, 1966, we ordered the proceedings reopened for reconsideration of the question of adjustment of the respondent's status, on the basis of a primary showing of statutory eligibility therefor. On November 18, 1966, the special inquiry officer reinstated his original decision in the case. The respondent's appeal from that latter decision of the special

inquiry officer, which again brings the case before this Board for consideration, will be dismissed.

The record relates to a 27-year-old married male alien, a native and citizen of Tonga, who last entered the United States on or about October 12, 1964. He was then admitted as a temporary visitor, for a period until April 12, 1965. On July 26, 1965, his application for adjustment of status to that of a permanent resident was administratively denied. He was then granted until August 22, 1965, to depart from the United States voluntarily. On August 6, 1965, the respondent having indicated that he did not desire to depart but, rather, to renew his application for adjustment of status in deportation proceedings, the privilege of voluntary departure was revoked. These proceedings followed.

The foregoing establishes the respondent's deportability on the charge contained in the order to show cause, which was conceded in the course of the hearing before the special inquiry officer and stands unchallenged here. The special inquiry officer has already granted the respondent the privilege of voluntary departure, and the record before us supports said official's action in this respect. The only question remaining for our consideration is whether the special inquiry officer has properly denied the respondent's application for adjustment of his status to that of a permanent resident, as a matter of administrative discretion.

The facts and circumstances on which respondent's request for adjustment of his status are predicated have been adequately discussed in the prior opinions in this case and need not be restated here in their entirety. Briefly, the respondent's wife and their alien child came to the United States as visitors on December 23, 1964, approximately two months after respondent's arrival. They also now have a native-born citizen child of tender years. One of the respondent's brothers is a naturalized citizen of the United States. The respondent is presently employed by Trans World Airlines at a salary of $417 a month, and appears to be able to support his family properly.

Before proceeding to a disposition of the case on the merits, brief comment is required concerning our original decision herein, which was made a precedent (Int. Dec. No. 1588). Apparently, a misunderstanding of the intent and effect thereof has arisen in the minds of the special inquiry officer, the trial attorney and counsel for the respondent.

The sole basis for our initial decision was the respondent's then statutory ineligibility for relief. Obviously, therefore, any discussion in our opinion at that time as to the question of whether or not favorable exercise of relief was warranted was of secondary importance

213

and not decisive. We did discuss that aspect of the case, but only because it was then apparent to us that the special inquiry officer had concluded his inquiry along those lines with the establishment of the fact that the respondent had formed a "preconceived intent" to remain in the United States and, thus, to circumvent the normal visa issuing process, *infra*. We merely pointed out that there were other factors which had to be considered, to wit, intervening equities. We did not then decide, because we were not called upon to do so, that the factors in this case were of such an unusually meritorious nature as to call for favorable exercise of discretion.

The record reflects that this respondent had applied to the United States Counsul in Fiji for an immigrant visa in 1961. When he applied for the visitor's visa with which he gained admission to the United States in 1964, he sent a letter to that Consul stating that he wished to come to this country as a visitor, and that he would have to return to Tonga because he was employed and his wife and child were there. However, as soon as the respondent received a nonimmigrant visa, he sold his business in Tonga. About two months after his arrival in the United States, his alien wife and child came to this country—likewise as visitors.[1] Also, the respondent has testified that when he came here he intended to remain permanently, if he could.

We agree with the special inquiry officer that the foregoing factors establish that the respondent had a preconceived intent to remain in the United States permanently. The fact that his alien wife and child followed him here so closely is clearly indicative of an overall scheme for the entire family to circumvent the normal consular visa issuing process. In our opinion, the misrepresentations to the consul abroad thus established constitute unfavorable factors which outweigh the favorable ones, to wit, the presence here of a citizen child and brother. Accordingly, we conclude that the special inquiry officer has properly denied respondent's request for this extraordinary form of discretionary relief. His decision, therefore, is affirmed.

**ORDER:** It is ordered that the appeal be dismissed.

---

[1] His wife has also applied for adjustment of status, and a decision thereon is being held in abeyance pending a decision in this case.