**SOO YUEN, Petitioner-Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.**

**No. 71-2137.**

United States Court of Appeals, Ninth Circuit.

March 10, 1972.

Earl R. Steen (argued), Los Angeles, Cal., for petitioner-appellant.

Matthew Schumacher, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., George W. Masterton, Richard B. Cagney, Jr., Asst. U. S. Attys., Portland, Or., Joseph Surreck, Reg. Counsel, I.N.S. San Pedro, Cal., Stephen Suffin, Atty., U. S. I.N.S., San Francisco, Cal., Will Wilson, Asst. Atty. Gen., Crim. Div., Washington, D. C., William L. Pattillo, Dist. Dir., Washington, D. C., for respondent-appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Soo Yuen petitions for review of an order of the Board of Immigration Appeals that he be deported. We affirm.

Soo is a 42-year old native and citizen of China. His wife was admitted to the United States for medical treatment, remained longer than permitted, and has been ordered deported. His four children live in Hong Kong, where they are students. Other than his wife, Soo has no family ties in the United States.

* Honorable William M. Byrne, Sr., United States District Judge, Central District of California, sitting by designation.

After jumping ship at a Canadian port, Soo entered the United States at Detroit, Michigan, in January 1963, as a passenger in an automobile. He represented himself to be a native Canadian of Japanese ancestry. His papers consisted of a false birth certificate in the name of Mineo Nakano.

Soo was arrested and, in July 1963, ordered deported. At the deportation proceedings he admitted that he had obtained entry into the country by false and misleading representations. He was extremely evasive about the amount of money it cost to have others bring him to the United States, but the circumstances, particularly the circuitous route taken after he arrived in the country, indicate that considerable funds were expended to effect his unlawful entry and settlement here.

No appeal was taken from the deportation order, and it became final.

*Soo was not immediately deported*, apparently because he was wanted as a witness by the Immigration and Naturalization Service and then because of a moratorium on deportations to the Far East. Soo moved to Oregon where he entered the restaurant business.

On August 1, 1967, Soo was finally notified that arrangements had been made for his deportation. Soo did not comply; rather he moved to California. A long series of delays and continuances, attributable to Soo, his counsel, and government indulgence, ensued. Finally, in April 1970, the special inquiry officer denied Soo's request for adjustment of status and suspension of deportation. In May 1971, the Board affirmed.

■■ Adjustment of status under 8 U.S.C. § 1255 is within the discretion of the Attorney General. His decision will be overturned only when discretion is abused. Thomaidis v. I & NS, 431 F.2d 711 (9th Cir. 1970), cert. denied 401 U. S. 954, 91 S.Ct. 973, 28 L.Ed.2d 237 (1971). But Soo cannot show abuse of

discretion. His lack of family ties in the United States is alone ground for denial of adjustment of status. Santos v. I & NS, 375 F.2d 262 (9th Cir. 1967).

Moreover, the special inquiry officer found:

"The record contains substantial evidence from which it can be reasonably inferred that when the respondent entered the United States after deserting his vessel in Canada, it was his intention to remain in the United States permanently. His use of the Canadian citizen's identification, masquerading as a Japanese of Canadian nationality, was a deceit practiced on the officer who examined him upon his application for admission which negated effective inspection as a quota immigrant. He gained entry to the United States by circumventing the normal visa issuing processes of the American Consul abroad."

■ This finding of fact is supported by reasonable, substantial, and probative evidence on the record considered as a whole. It is therefore binding on us. 8 U.S.C. § 1105a.

■ We have previously held that it is not an abuse of discretion to deny adjustment of status to one who enters the United States in a non-immigrant status harboring a preconceived intent to remain permanently, thus bypassing normal consulate procedures. Santos v. I & NS, *supra*; Cubillos-Gonzalez v. I & NS, 352 F.2d 782 (9th Cir. 1965). We find no abuse here.

■ Soo would be eligible for suspension of deportation under 8 U.S.C. § 1254 only if he could show "extreme hardship." The special inquiry officer found none. Nor do we. *See* McKay v. McAlexander, 268 F.2d 35 (9th Cir. 1959), cert. denied 362 U.S. 961, 80 S.Ct. 875, 4 L.Ed.2d 876 (1960).

Affirmed. The mandate shall issue forthwith.