Marcos **BARRERA–LEYVA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 79–7391.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 1980.

Decided July 24, 1981.

Frank S. Pestana, Los Angeles, Cal., for petitioner.

Andrea Sheridan Ordin, Los Angeles, Cal., for respondent.

Petition to Review a Decision of the U.S. Immigration & Naturalization Service.

Before ALARCON and NELSON, Circuit Judges and JAMESON,* District Judge.

PER CURIAM:

This case is before the court on a petition for rehearing with suggestion for rehearing *en banc.* We deferred ruling on the petition for rehearing until the Supreme Court acted on the Government's petition for certiorari in *Wang v. I&NS,* 622 F.2d 1341 (9 Cir. 1980), Supreme Court docket No. 80–485. On March 2, 1981, the Court granted certiorari in *Wang* and reversed the *en banc* decision of this court (per curiam). 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123. Because our decision rested largely on *Wang,* we permitted counsel to file supplemental memoranda in light of the Supreme Court's holding in that case. We reconsider the petition for review in light of the Supreme Court's order of March 2, 1981 in *Wang* and the supplemental memoranda filed by the parties in this case.

The facts giving rise to the petition for review were set out in our previous opinion, *Barrera-Leyva v. I&NS,* 637 F.2d 640 (9 Cir. 1980), and will not be repeated here. We held that the immigration judge and Board of Immigration Appeals (Board) had abused their discretion in determining that Barrera-Leyva was ineligible for suspension relief because they failed to consider all of the relevant factors, as outlined in prior case law, that bear on extreme hardship. *Id.* at 645.

In reversing *Wang,* the Supreme Court noted that the words "extreme hardship", as used in § 244 of the Immigration and Naturalization Act, 8 U.S.C. § 1254(a)(1) "are not self-explanatory, and reasonable men could easily differ as to their construction." The Court stressed that

> the Act commits their definition in the first instance to the Attorney General and his delegates, and their construction and application of this standard should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute.

The Court said further:

> The Attorney General and his delegates have the authority to construe "extreme hardship" narrowly should they deem it wise to do so. Such a narrow interpretation is consistent with the "extreme hardship" language, which itself indicates the exceptional nature of the suspension remedy.

While our decision recognized that this court may not substitute its opinion for that of the Attorney General and that the Attorney General's discretion is broad, we held citing *Wang,* that § 1254(a)(1) should be liberally construed to effect its ameliorative purpose. 637 F.2d at 643. We remanded to the Board for further consideration of factors we found relevant. We now conclude that under the Supreme Court's interpretation of the statute in reversing *Wang,*[1] our previous conclusion was erroneous. Accordingly we grant the petition for rehearing and affirm the decision of the Board.

---

\* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. It may be noted also that *Wang* involved the denial of a motion to reopen deportation proceedings to consider a claim of extreme hardship. As we recognized in our opinion (637 F.2d at 642, n.3) the showing required on a motion to reopen (prima facie case) is less burdensome than that required to warrant reversal of a denial of suspension for abuse of discretion.