**Amrut Narandas PATEL,**
**Plaintiff/Appellant,**

v.

**Michael LANDON, Jr., District Director**
**I & NS, Defendant/Appellee.**

No. 83–6209.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 1984.

Decided Aug. 10, 1984.

Philip D. Abramowitz, Korenberg, Deutsch & Abramowitz, Encino, Cal., for plaintiff/appellant.

George Wu, Los Angeles, Cal., for defendant/appellee.

Before CHAMBERS, CHOY, and SKOPIL, Circuit Judges.

CHAMBERS, Circuit Judge.

In this timely filed appeal, petitioner-appellant challenges the District Court's denial of his petition for a writ of habeas corpus. Appellant, a citizen of India, first came to the United States as a non-immigrant student in 1971. In 1974, appellant purchased a hotel in Los Angeles and thereafter applied for an adjustment in status to non-preference investor. In this application, appellant stated that he gained the necessary experience to operate his investment while serving as the audi-

tor/assistant manager of the Chandra Vilas Hotel in India.

On March 16, 1976, the Immigration and Naturalization Service (I.N.S.) denied appellant's application for a change of status due to the lack of necessary experience in managing a hotel. INS investigations indicated that the Chandra Vilas Hotel was in reality a large restaurant and appellant was employed only as a part-time auditor.

On June 7, 1974, appellant filed a motion to reconsider the March 16 denial and submitted new evidence supporting his claimed experience. On May 17, 1978, while the motion was pending, appellant was granted advance authorization for parole into the United States so that he could travel abroad to visit his ailing father and return to the United States to resume his application for change of status. Appellant returned to the United States on June 6, 1978, and after inspection, was paroled into the United States for an indefinite period of time.

On October 31, 1978, the INS denied appellant's motion for reconsideration as it found the new evidence unpersuasive and appellant's testimony not credible. One month thereafter, appellant's parole was revoked and he was placed in exclusion hearings.

Throughout the exclusion hearing process, appellant argued he should have been placed in deportation proceedings as distinguished from exclusion hearings. After several appeals to the Board of Immigration Appeals, appellant was ordered excluded as he did not meet the investor criteria.

After an unsuccessful direct appeal to this Court, appellant filed a petition for a writ of habeas corpus in the District Court [1] renewing his argument that he should have been placed in deportation process rather than exclusion hearings. The District Court denied the petition and this appeal followed.

---

1. If the INS prevails in a deportation proceeding, the alien may appeal directly to the Court of Appeals, § 106(a) of the Immigration and Nationality Act, 75 Stat. 653, 8 U.S.C. § 1105a(a), while the alien can challenge an exclusion order only by a petition for a writ of habeas corpus, § 106(b), 75 Stat. 653, 8 U.S.C. § 1105a(b).

■ It is clear that deportation hearings afford substantial procedural advantages not present in exclusion proceedings. The regulations issued under the authority of § 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) require in most deportation hearings that the alien be given seven days' notice of the charges against him, 8 CFR 9242.1(b) (1982), while there is no requirement of advance notice of the charges for an alien subject to exclusion proceedings. Further, in deportation proceedings, the alien can, within certain limits, designate the country of deportation, § 243(a), 8 U.S.C. § 1253(a); he may be able to deport voluntarily, § 244(e), 8 U.S.C. § 1254(e), avoiding both the stigma of deportation, § 242(b), 8 U.S.C. § 1252(b), and the limitations on his selection of destination, § 243(a), 8 U.S.C. § 1253(a); or he can seek suspension of deportation, § 242(e), 8 U.S.C. § 1252(e).

■ Prior to appellant's brief departure from the United States in the spring of 1978, he could have only been proceeded against in a deportation hearing as he was actually present in the United States under the authority of a visa. As a result of appellant's departure and return to the United States with the attendant grant of advance parole, the INS argues appellant lost his right to have his status determined in deportation proceedings. Although appellant is again present in the United States, because he was paroled in, the INS sets up the fiction that he is still outside of this country and can be proceeded against in exclusion hearings. *See Thorsteinsson v. INS*, 724 F.2d 1365, 1366 N. 1 (9th Cir. 1984).

The INS is, however, incorrect and argues contrary to its own regulations. 8 CFR § 245.2(a)(3) provides in part:

The departure of an applicant [for permanent resident status under § 245 of the Act] who is not under deportation proceedings shall be deemed an abandonment of his application constituting grounds for termination thereof unless he had previously been granted permission by the Service for such absence and he was thereafter inspected upon his return, or it is determined by the officer having jurisdiction over his application that his departure was unintended or innocent and casual, that his absence was brief, and that he was inspected upon his return. If the determination reached is favorable to the applicant, the application shall be adjudicated without regard to the departure and absence.

It has been conceded that appellant was granted permission by the Service for his departure and return via advance parole and was inspected upon his return. Further it is clear that his departure was innocent and casual and that his absence was brief. *See Landon v. Plasencia*, 459 U.S. 21, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982). As such, appellant's application "[must] be adjudicated without regard to the departure and absence." *See Joshi v. District Director, I.N.S.*, 720 F.2d 799 (4th Cir.1983).

By seeking advance parole prior to his departure from this country in 1978, appellant sought to preserve his right to deportation proceedings upon his return. Form I–512, which appellant filled out in conjunction with his request for advance parole, did not sufficiently indicate otherwise. It is clear that appellant was trapped into exclusion status when he was given parole and this the Court cannot condone.

■ Appellant next argues the denial of his investor status was not supported by competent evidence. Under 8 U.S.C. § 1255(a), the Attorney General "in his discretion" may adjust the status of an alien. However, even if appellant meets the statutory conditions for adjustment, the Board of Immigration Appeals (BIA) may reject the application on discretionary grounds. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 26, 97 S.Ct. 200, 201, 50 L.Ed.2d 190 (1976). Further, it is appellant's burden to establish factors justifying a favorable exercise of discretion. *Id.*

■ Courts review this decision of the BIA under the abuse of discretion standard. *See Soo Yuen v. I.N.S.*, 456 F.2d 1107, 1108 (9th Cir.1972) (per curiam). The Immigration Judge and the BIA found appellant's testimony not credible and relied

on reports resulting from investigation in India. Although the reports contained hearsay, INS administrative proceedings need not strictly follow conventional evidence rules. *See Martin-Mendoza v. I.N.S.*, 499 F.2d 918, 921–22 (9th Cir.1974), *cert. denied* 419 U.S. 1113, 95 S.Ct. 789, 42 L.Ed.2d 810 (1975). A review of the record indicates that the BIA did not abuse its discretion.

In sum, although the BIA did not abuse its discretion in denying appellant's request for change in status, the decision as to whether he is to be allowed to remain in this country must be adjudicated in deportation proceedings.

The judgment of the District Court is VACATED and the case is REMANDED for further judicial and administrative proceedings.