**Jose Bravilio Gaitan GARAY, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Defendant.**

**No. C–84–7740–WWS.**

United States District Court, N.D. California.

June 11, 1985.

Martin Resendez Guajardo, San Francisco, Cal., for plaintiff.

Larry Gallagher, Asst. U.S. Atty., San Francisco, Cal., for defendant.

ORDER

SCHWARZER, District Judge.

Plaintiff Jose Bravilio Gaitan Garay brings this action pursuant to 28 U.S.C. § 2201 seeking a declaratory judgment that defendant Immigration and Naturalization Service (INS) abused its discretion in denying Garay permission to reapply for admission into the United States under 8 U.S.C. § 1182(a)(17). The INS now moves for summary judgment.

*Facts*

Garay, a native and citizen of El Salvador, illegally entered the United States in 1976 in violation of 8 U.S.C. § 1251(a)(2) and, on February 4, 1977, was deported from the United States at government expense. At the time of deportation, Garay was informed in writing and acknowledged receipt of the writing that any deported person who returns to the United States without first receiving permission commits a felony.

On January 28, 1979, Garay married a permanent resident of the United States. Garay's wife applied for and received a second preference visa petition on behalf of Garay. On July 30, 1980, Garay applied for an immigrant visa at the United States Consulate in El Salvador, but his application was denied because he had not received permission from the Attorney General to reapply for admission into the United States pursuant to 8 U.S.C. § 1182(a)(17). In September, 1980, Garay entered the United States without receiving permission from the Attorney General and without inspection by an immigration officer.

On August 23, 1982, Garay again applied for permission to reapply for admission into the United States. The District Director of the INS denied Garay's application and the INS Regional Commissioner dismissed an appeal of that decision.

*Analysis*

An alien seeking to reapply nunc pro tunc for admission into the United States has the burden of establishing that he merits a favorable exercise of discretion. *Dragon v. I.N.S.*, 748 F.2d 1304, 1306 (9th Cir.1984). The denial of an application for permission to reapply is reviewed only for an abuse of discretion by the agency. *Murillo-Aguilera v. Rosenberg*, 351 F.2d 289, 290 (9th Cir.1965).

The following factors are relevant in considering an application for permission to reapply:

(1) the applicant's ignorance of the need to reapply for admission because he was unaware that he had been deported; (2) the reason the alien was originally deported; (3) the length of time the applicant has legally resided in the United States; (4) his or her moral character; (5) his or her family responsibilities; and (6) hardships resulting from deportation.

*Dragon v. I.N.S.*, 748 F.2d 1304, 1306–07 (9th Cir.1984). *See also In re Lee*, 17 I. & N.Dec. 275, 277–78 (Comm.1978); *In re Tin*, 14 I. & N.Dec. 371, 373–74 (R.C.1973). In determining whether discretionary relief is warranted in any particular application for permission to reapply, the INS must weigh all factors presented. *Dragon v. I.N.S.*, 748 F.2d at 1306.

The District Director, after consideration of Garay's basis for deportation, the recency of his deportation, the length of his legal residence in the United States, his moral character, his respect for law and order, evidence of Garay's reformation and rehabilitation, his family responsibilities, the hardship to Garay and others, and the need for Garay's services in the United States found that the only factor in Garay's favor was that Garay was the spouse of a permanent resident. The District Director found that Garay had failed to establish unusual hardship for himself or others. The District Director decided that in light of Garay's disregard for and abuse of the immigration laws of the United States, the

sole factor weighing in Garay's favor did not warrant the favorable exercise of the Attorney General's discretion. The Regional Commissioner dismissed the appeal of that decision on the same grounds.

First, Garay argues that in weighing these factors, neither the District Director nor the Regional Commissioner applied the test announced in *In re Lee,* 17 I. & N.Dec. 275 (Comm.1978), and hence placed undue emphasis on Garay's prior and continuing violation of the immigration laws. In *In re Lee,* the Commissioner reversed a decision by the Regional Commissioner denying an alien permission to reapply. The Regional Commissioner had placed heavy emphasis on the alien's lack of good moral character as evidenced by repeated violations of the immigration laws. The Commissioner reaffirmed the rule that a record of such violations will not, standing alone, be sufficient to support a finding of lack of good moral character. Because the alien had surrendered himself to immigration officials and had voluntarily deported himself, the Commissioner found that the alien had shown a sufficient character reformation to warrant a favorable exercise of discretion granting the alien permission to reapply for admission.

Garay, however, has done nothing to bring himself within the facts of *In re Lee.* He has not surrendered himself to the authorities nor voluntarily deported himself while awaiting resolution of his application for permission to reapply for admission to the United States. Garay's sole recognition of his prior violation of the immigration laws is his offer to reimburse the INS for the costs of his prior deportation, an offer which can be characterized as self-interested at best. Because Garay has not shown any evidence of character reformation, *In re Lee* is inapposite and does not justify declaratory relief for Garay. Moreover, Garay's continuing violation of the immigration laws is a substantial adverse

factor weighing against granting him permission to reapply.

Second, Garay maintains that the INS did not give sufficient weight to the hardship to Garay and his spouse if Garay is denied permission to reapply for admission. There is no evidence in the record to indicate that anyone other than Garay or his spouse will suffer hardship as a result of deportation of Garay from the United States. *See, e.g., Barrera-Leyva v. I.N.S.,* 653 F.2d 379 (9th Cir.1981). The couple apparently has no children, and there are no references to other relatives dependent on Garay for support. *Cf. Bastidas v. I.N.S.,* 609 F.2d 101 (3d Cir.1979) (where father who has expressed deep affection for his child would be separated from the child, INS must make clear reasons for finding of no hardship). Furthermore, there is no evidence in the record that Garay's spouse cannot relocate to El Salvador to be with him in the event Garay is deported. *Cf. Slyper v. Attorney General,* 576 F.Supp. 559 (D.D.C.1983) (hardship for purposes of waiving the foreign residency requirement for an exchange student was established on totality of circumstances where spouse would suffer career setbacks and would no longer be able to provide necessary support and comfort to aging relative if forced to relocate to a different country). The mere separation of Garay from his spouse, while obviously entailing some hardship, does not in and of itself require the favorable exercise of discretion by the INS. Since there is no evidence in the record indicating a greater hardship,[1] the INS did not abuse its discretion in ruling that Garay's hardships did not warrant granting his application for permission to reapply for admission. *Barrera-Leyva v. I.N.S.,* 653 F.2d 379 (9th Cir.1981).

The INS did not abuse its discretion in denying the application for permission to reapply for admission. Summary judgment is hereby granted in favor of the INS.

IT IS SO ORDERED.

1. Garay's briefs make reference to personal and economic hardships he or his spouse will suffer as a result of Garay's deportation. There is no evidence in the record to support these allegations nor has Garay introduced additional evidence in support of the allegations.