# In re S-O-S-, Respondent

*Decided July 9, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In cases falling within the jurisdiction of the United States Court of Appeals for the Ninth Circuit, exclusion proceedings are appropriate for aliens returning to the United States under a grant of advance parole, with two exceptions. Those exceptions are aliens with pending registry applications and those not specifically informed by the Immigration and Naturalization Service that they risk being placed in exclusion proceedings upon return. *Matter of Torres*, 19 I&N Dec. 371 (BIA 1986), modified.

Pro se

Elena Kusky, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: SCHMIDT, Chairman; VACCA, HEILMAN, HOLMES, HUR-
WITZ, VILLAGELIU, FILPPU, COLE, MATHON, JONES, and GRANT, Board
Members. Concurring Opinion: GUENDELSBERGER, Board Member.
Dissenting Opinion: ROSENBERG, Board Member.

VILLAGELIU, Board Member:

In an oral decision dated May 16, 1996, an Immigration Judge granted the Immigration and Naturalization Service's motion to terminate these deportation proceedings against the respondent. The respondent has appealed that decision. In addition, the Service has filed a motion to remand. The respondent's appeal will be dismissed and the Service's motion will be denied.

While his original asylum application was pending with the Service, the respondent departed from the United States under a grant of advance parole. Upon his return, his application was denied and the respondent was placed in deportation proceedings. During the hearing, however, the Service asserted that this was a mistake, as the respondent had not made an entry when paroled into the United States and should have been placed in exclusion proceedings. The Immigration Judge agreed with the Service and granted its motion to terminate the proceedings.

On appeal, the respondent argues that the Immigration Judge erred in

terminating the proceedings, as the case law on this issue supports his right to adjudicate his asylum application in deportation proceedings.[1] In addition, the respondent contends that termination would result in prejudice to him because he would be forced to relitigate matters already resolved prior to termination.

Several cases have dealt with the issue of whether an alien who is granted advance parole while an application for relief is pending is entitled to deportation or exclusion proceedings. For example, the Board has held that an applicant for adjustment of status who is returning to the United States pursuant to a grant of advance parole is properly placed in exclusion proceedings. *See, e.g., Matter of Torres*, 19 I&N Dec. 371 (BIA 1986). However, as correctly pointed out by the respondent, *Matter of Torres* does not apply to cases, such as this one, arising in the Ninth Circuit.[2] Rather, according to the respondent, the United States Court of Appeals for the Ninth Circuit, in contrast to Board precedent, has held that aliens who reenter after a grant of advance parole retain the right to be heard in deportation proceedings. *See Navarro-Aispura v. INS*, 53 F.3d 233 (9th Cir. 1995); *Patel v. Landon*, 739 F.2d 1455 (9th Cir. 1984).

However, the Ninth Circuit has recently distinguished the cases relied upon by the respondent. *See Barney v. Rogers,* 83 F.3d 318 (9th Cir. 1996). In *Barney*, the court upheld our decision to place an alien, whose adjustment application was pending, in exclusion proceedings following a grant of advance parole. *Id.* at 321. In that situation, the respondent was only entitled to exclusion proceedings. *Id.; see also Landon v. Plasencia*, 459 U.S. 21 (1982); *Leng May Ma v. Barber*, 357 U.S. 185 (1958). The Ninth Circuit explained that "the advance parole gave Petitioner the right to return for the purpose of completing her Adjustment Application; it did not 'freeze' her status as an illegal overstay." *Barney v. Rogers, supra*, at 321. This conclusion is directly supported by federal regulations which were enacted by the Service in response to the Ninth Circuit's decision *Patel v. Landon, supra*, and the Fourth Circuit's decision in *Joshi v. District Director INS*, 720 F.2d. 799 (4th Cir. 1983). *See Navarro-Aispura v. INS, supra*, at 235. These regulations state as follows in pertinent part:

> The departure of an applicant who is not under deportation proceedings shall be deemed an abandonment of his or her application constituting grounds for termination, unless the applicant was previously granted advance parole by the Service for such absence, and was inspected upon returning to the United States. If the application of

---

[1]The respondent's brief on appeal incorporates by reference his brief opposing termination before the Immigration Judge. Therefore, his arguments are taken from the brief before the Immigration Judge.

[2]In addition, *Matter of Torres* held that its ruling does not apply to cases arising in the Fourth Circuit. *See Joshi v. District Director, INS*, 720 F.2d 799 (4th Cir. 1983).

an individual granted advance parole is subsequently denied, the applicant will be subject to the exclusion provisions of section 236 of the Act. *No alien granted advance parole and inspected upon return shall be entitled to a deportation hearing.*

8 C.F.R. § 245.2(a)(4)(ii) (1996) (emphasis added); *see also* section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A) (1994); 8 C.F.R. § 212.5(b)(1996),

In its decision in *Barney v. Rogers, supra*, at 321, the Ninth Circuit noted that it had held differently in *Navarro-Aispura* because that case dealt with an application for registry. Unlike adjustment applicants, applicants for registry were not specifically given notice on the advance parole form that they would be subject to exclusion proceedings upon return. *Id.*; *see also* Authorization for Parole of an Alien into the United States (Form I-512). According to the court, the registry applicant in *Navarro-Aispura* could reasonably assume that the warning given on a Form I-512, relating to adjustment applications, did not apply to him or her. In contrast, the alien in *Barney* was given explicit warnings on her advance parole form that she would be subject to exclusion proceedings upon return. Therefore, the Ninth Circuit held that 8 C.F.R. § 245.2(a)(4)(ii) applies to adjustment of status cases, but not to registry cases. *Barney v. Rogers, supra*, at 321.

In light of the Ninth Circuit's reasoning, we find that the federal regulations placing parolees in exclusion proceedings should be applied to the case at hand. As shown by the Service during the hearing, aliens with a grant of advance parole whose asylum applications are pending are given the same warnings as those whose adjustment applications are pending. In other words, the respondent was specifically warned that, upon denial of his asylum request, he would be placed in exclusion proceedings when he returned to the United States.[3] The reasoning of *Navarro-Aispura* therefore does not apply to this case. We hereby modify *Matter of Torres, supra*, in accordance with the Ninth Circuit's holding in *Barney v. Rogers, supra.* Therefore, with regard to cases falling within the jurisdiction of the Ninth Circuit, exclusion proceedings are appropriate for aliens returning to the United States under a grant of advance parole. The exception to this rule, however, is in cases dealing with registry applications or, similarly, where an alien has not been specifically informed by the Service that he or she risks being placed in exclusion pro-

---

[3]During the hearing, the Service could not produce a copy of the respondent's Form I-512. It introduced instead a copy normally issued to an asylum applicant, which, it contended, had been issued to the respondent. In its motion to remand, however, the Service stated that, given time, it was able to find the respondent's I-512, and it attached a copy thereto. In light of our decision with regard to the respondent's appeal, and because this issue was not raised by the respondent on appeal, we decline to address this issue. Therefore, the Service's motion to remand will be denied.

ceedings upon return.[4]

In addition, we find no prejudice to the respondent by terminating his deportation proceedings. Unlike some forms of relief, asylum can be pursued in both deportation and exclusion proceedings. The respondent will not be foreclosed from applying for the same relief in exclusion proceedings.[5] Furthermore, with regard to the respondent's argument that he would be forced to relitigate certain issues already decided in the deportation proceedings, we find that, other than the issue of whether to terminate, no other issues caused any real litigation. The respondent essentially conceded deportability, and no evidence had yet been presented regarding his claim of persecution for purposes of applying for asylum. Accordingly, we are unable to conclude that the respondent would suffer hardship or prejudice by being forced to pursue his claim in exclusion proceedings.

Based on the foregoing, we find that the Immigration Judge properly terminated deportation proceedings. The respondent has failed to establish that he has a right to pursue his claim in deportation proceedings or that such a result would prejudice his claim.

**ORDER:** The respondent's appeal is dismissed.

**FURTHER ORDER:** The Immigration and Naturalization Service's motion to remand is denied.

Vice Chairman Mary Maguire Dunne and Board Member Lori L. Scialabba did not participate in the decision in this case.

*CONCURRING OPINION:* John W. Guendelsberger, Board Member

I respectfully concur.

I concur in the result reached by the majority opinion in this case. The respondent failed to demonstrate that the notice provided at the time he was granted advance parole was inadequate to inform him that he would be placed in exclusion proceedings should his asylum claim before the Immigration and Naturalization Service be denied. Therefore, unlike in

---

[4]We note, however, that this distinction is not applicable in cases controlled by recent immigration legislation. *See* section 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13)(Supp. II 1996); *see also* Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 309(c)(1)(B), 110 Stat. 3009-546, 3009-625.

[5]Moreover, we note that the respondent was not eligible for suspension of deportation, as he entered the United States on January 14, 1991, and did not have the required 7 years' continuous physical presence on May 16, 1996, the date of the hearing. *See* section 244(a) of the Act, 8 U.S.C. § 1254(a) (1994), In addition, the respondent was not an applicant for legalization with a right to depart and return to deportation proceedings whose authorized departure under advance parole is deemed a brief, casual, and innocent absence. *See* 8 C.F.R. § 245a.2(l)(2) (1997); *see also* 8 C.F.R. § 245a.1(g) (1997).

*Matter of G-A-C-*, 22 I&N Dec. 83 (BIA 1998), the decision of the United States Court of Appeals for the Ninth Circuit in *Navarro-Aispura v. INS*, 53 F.3d 233 (9th Cir. 1995), is not determinative of the outcome of this case.

*DISSENTING OPINION*: Lory D. Rosenberg, Board Member

I respectfully dissent.

I dissent for the reasons set forth in my separate dissenting opinion in *Matter of G-A-C-*, 22 I&N Dec. 83 (BIA 1998). As the reasoning and authority in my dissent in that case illustrates, by ignoring the relevant and controlling law of the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit, the majority misses the point. *See, e.g., Mendoza v. INS,* 16 F.3d 335 (9th Cir. 1994) (citing *Fleuti v. Rosenberg*, 374 U.S. 449 (1963)); *see also Espinoza-Gutierrez v. Smith*, 94 F.3d 1270 (9th Cir. 1996); *Castrejon-Garcia v. INS*, 60 F.3d 1359 (9th Cir. 1995); *Navarro-Aispura v. INS*, 53 F.3d 233 (9th Cir. 1995); *Patel v. Landon*, 739 F.2d 1455 (9th Cir. 1984) (discussing *Landon v. Plasencia*, 459 U.S. 21( 1982), and *Joshi v. District Director, INS*, 720 F.2d 799 (4th Cir. 1983)).

It is not adequate to conclude, as the majority does here, that terminating the respondent's deportation proceedings will cause him no prejudice. The fact that the respondent can seek asylum in an exclusion proceeding is not dispositive of that issue.[6] What is at stake is not merely the question of the forum in which the respondent's asylum application will be adjudicated, but the respondent's access to a variety of procedures and substantive forms of relief unavailable in an exclusion proceeding. The Ninth Circuit has stated repeatedly, "[I]t is clear that deportation proceedings afford substantial procedural advantages not present in exclusion proceedings." *Patel v. Landon, supra*, at 1457; *see also Navarro-Aispura v. INS, supra*, at 235.

In addition, I differ with the suggestion of the majority that the applicant in this case is conclusively ineligible for suspension of deportation under former section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254 (1994). As I noted in *Matter of G-A-C-, supra,* former section 244(b)(2) of the Act, governing one aspect of eligibility for suspension of deportation, provides, in pertinent part, that "[a]n alien shall not be consid-

---

[6]I note that, although not protected by statute, as is the respondent's opportunity to apply for suspension of deportation following a brief, casual, and innocent departure, an opportunity to apply for or be granted voluntary departure under section 244(e) of the Immigration and Nationality Act, 8 U.S.C. § 1254(e) (1994) — an alternative to forced expulsion that might be most significant to an individual in fear of persecution in his homeland should asylum be denied — would be available to the respondent in a deportation proceeding, a matter completely ignored by the majority.

ered to have failed to maintain continuous physical presence . . . if the absence . . . was *brief, casual, and innocent and did not meaningfully interrupt the continuous physical presence.*" (Emphasis added.) Logically, the applicability of this section must extend to an alien, such as the respondent, whose travel occurred during the time he was residing in the United States, but before he had accrued 7 years of continuous physical presence. The respondent presently has 7 years of continuous physical presence "immediately preceding" the time he might seek suspension, and his eligibility for suspension of deportation under former section 244(a) remains to be determined in light of recent amendments to the statute that have yet to be construed.

I read *Barney v. Rogers*, 83 F.3d 318 (9th Cir. 1996), involving a claim of the right to deportation proceedings after a departure and return to pursue an adjustment of status application, as a narrow decision that is limited to its own facts. Furthermore, the decisions of the Ninth Circuit have held uniformly in cases similar to this one, that the fact that "advance parole" was used as the mechanism for the applicant's departure and return does not mandate any particular treatment of the applicant on his return if it would compromise his access to statutorily available benefits that would be available to him but for his having traveled briefly for a casual and innocent purpose. *See Sharma v. Reno*, 902 F. Supp. 1130, 1137 n.8 (N.D. Cal. 1995).

Despite the majority's sweeping rejection of the law of the Ninth Circuit, the majority's rule, incorporating the holding of the Ninth Circuit in *Barney v. Rogers, supra*, is in fact the exception. *See Matter of S-O-S-,* 22 I&N Dec. 107, at 109 (BIA 1998), The majority itself recognizes that an exception exists for registry applications and cases in which the alien has not been properly informed and notified that exclusion proceedings could follow his or her return using an advance parole document. Similarly, according to relevant statutory provisions, legalization and suspension applicants to whom the provisions of the former statute still may apply, and whose departures are found to have been brief, casual, and innocent, are not subject to exclusion proceedings. *Mendoza v. INS, supra*.

The respondent may be eligible for the benefit of just such an "exception" to the majority's new "rule," for purposes of establishing eligibility for suspension of deportation. Although the respondent is not a permanent resident, the indicia of intent with respect to his travel, developed in *Fleuti v. Rosenberg, supra*, and *Landon v. Plasencia, supra*, would apply equally to him for purposes of characterizing his departure in relation to his eligibility for suspension of deportation. Although not addressed by the majority, it is possible that, as I concluded in *Matter of G-A-C-, supra*, the circumstances of this case are such that the respondent should be protected from the unintended consequences of his having traveled as he did.